Brian M. Heberlig (*pro hac vice* pending)
Linda C. Bailey (*pro hac vice* pending)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C.  20036
(202) 429-3000
bheberlig@steptoe.com
lbailey@steptoe.com

Neil A. Kaplan (#3974)
Shannon K. Zollinger (#12724)
Clyde Snow & Sessions
201 South Main Street, 13th Floor
Salt Lake City, Utah  84111-2216
(801) 322-2516
nak@clydesnow.com
skz@clydesnow.com

*Counsel for Richard W. Roberts*

_____

**IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION**

_____

| | |
|---|---|
| TERRY MITCHELL,  Plaintiff,  v.  RICHARD WARREN ROBERTS,  Defendant. | **DEFENDANT RICHARD W. ROBERTS' MOTION TO DISMISS THE COMPLAINT**  Case No. 2:16-cv-00843-PMW  Magistrate Judge Paul M. Warner |

### STATEMENT OF RELIEF SOUGHT AND GROUNDS FOR MOTION

Defendant Richard W. Roberts ("Roberts"), through undersigned counsel, hereby moves

to dismiss all claims in the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil

{01042197-1}

Procedure, for failure to state claims upon which relief can be granted.  All claims in this Complaint are time-barred by the applicable statutes of limitations.  Therefore, the Court should dismiss the Complaint with prejudice.

## I. FACTUAL BACKGROUND

On March 16, 2016, Plaintiff Terry Mitchell ("Mitchell") filed a complaint against Roberts alleging assault (Claim One), battery (Claim Two), intentional infliction of emotional distress (Claim Three), negligent infliction of emotional distress (Claim Four), and "sexual abuse of a child" (Claim Five).  *Mitchell v. Roberts*, No. 2:16-cv-00218-JNP-EJF (D. Utah), ECF No. 2 ("Original Complaint") ¶¶ 33-71.  The Original Complaint alleged that the events took place thirty-five years ago in early-1981, surrounding the criminal trial of Joseph Paul Franklin, when Roberts was a junior Department of Justice prosecutor and Mitchell was a young prosecution witness.

In an apparent attempt to take advantage of tolling to revive Mitchell's otherwise time-barred claims, the Original Complaint contained specific and detailed allegations that Mitchell had repressed all memory of the alleged abuse.  According to Mitchell, she "only discovered the fact of" the alleged abuse "at some point after the execution of Franklin on November 20, 2013."  *Id.* ¶ 30.  Mitchell asserted that an email from Roberts after the execution "triggered the beginning of the release of Mitchell's memories about her abuse by Defendant Roberts."  *Id.* ¶ 31.  To bolster this claim, Mitchell highlighted that in nearly twenty-three years of counseling–counseling that began *prior* to her relationship with Roberts–she never mentioned her relationship with Roberts until late 2013.  *Id.*

Roberts moved to dismiss the Original Complaint. As the motion made clear, and Mitchell's opposition conceded, Claim Five stated no statutory cause of action and had to be dismissed. *See* Defendant Richard W. Roberts' Motion to Dismiss the Complaint at 7-8, *Mitchell v. Roberts*, No. 2:16-cv-00218-JNP-EJF (D. Utah), ECF No. 12 ("Motion to Dismiss"); Memorandum in Opposition to Motion to Dismiss at 23-24, *Mitchell v. Roberts*, No. 2:16-cv-00218-JNP-EJF (D. Utah), ECF No. 16 ("Opposition"). The motion also made clear, and Mitchell's opposition conceded, that her claim of repressed memory did not toll the running of the applicable statutes of limitations, *see* Utah Code Ann. §§ 78-12-29(4); 78B-2-307, on the common law claims. *See* Motion to Dismiss at 8-15; Opposition at 2.[1] That would have required the Court to dismiss Claims One through Four as untimely. Ultimately, the Opposition retreated into ad hominem and false allegations aimed at diverting the Court's proper analysis away from the fact that, as a matter of law, the Original Complaint contained no timely or actionable claims.

Without awaiting a ruling on the motion, Mitchell voluntarily dismissed the Original Complaint. She immediately filed a new complaint that retracts and contradicts her previous assertions of repressed memory and substitutes as Claim Five a new common law claim of false imprisonment.[2] The vivid–and false–allegations set forth in new Claim Five were nowhere to be found in the Original Complaint. Moreover, Mitchell abandoned her allegations that "before

---

[1] Mitchell also failed to respond to, and thereby conceded, Roberts' motion asking the court to take judicial notice of Mitchell's prior transcribed statements to Utah law enforcement agents in 2014 that categorically refuted her repressed memory claims in the Original Complaint. *See* Request for Judicial Notice, *Mitchell v. Roberts*, No. 2:16-cv-00218-JNP-EJF (D. Utah), ECF No. 13.

[2] Roberts reserves his rights under Federal Rule of Civil Procedure 41(d).

attaining the age of eighteen, Mitchell repressed all memory of" Roberts' alleged abuse and "only discovered the fact of" the alleged abuse "at some point after the execution of Franklin" in 2013. Original Complaint ¶ 30. She similarly withdrew the allegation that an email from Roberts sent after the execution "triggered the beginning of the release of [her] memories about" her relationship with Roberts. *Id.* ¶ 31. In their place, Mitchell substituted the contradictory new allegation that "she tried to keep [memories of the alleged abuse] out of her mind because they caused so much pain." Compl. ¶ 31. These new allegations confirm that Mitchell's previous claim of repressed memory was merely a ploy to attempt to toll the expired statutes of limitations.

Mitchell's allegations are perplexing and demonstrably false. As stated in the original motion, Roberts and Mitchell did have a brief, consensual intimate relationship after her role in the Franklin trial ended. But thirty-five years after the relevant events, Mitchell has filed this lawsuit, now claiming that the relationship constituted rape. Aside from being flat wrong, Mitchell's claims have long since been time-barred. Mitchell herself now admits and alleges that her "civil action . . . was time-barred as of July 1, 2016." *Id.* ¶ 36.

That should be the end of the inquiry. Mitchell, however, now seeks to resuscitate these decades-old claims based on new legislation. On May 10, 2016, the Utah legislature passed, and the Governor signed, House Bill 279, which amended section 78B-2-308 to read:

> (7) A civil action against a person listed in Subsection (6)(a) or (b) [including a perpetrator of abuse] for sexual abuse that was time-barred as of July 1, 2016, may be brought within 35 years of the victim's 18th birthday, or within three years of the effective date of this Subsection (7), whichever is longer.

Mitchell relies solely upon this new legislation to revive her claims. Compl. ¶¶ 31, 36. As explained below, this gambit runs contrary to over a century of binding Utah precedent, which

unequivocally holds that the defense of an expired statute of limitations is a vested right that subsequent legislation cannot divest. The new legislation upon which Mitchell rests her entire case cannot resurrect her expired claims, which must be dismissed.

## II. APPLICABLE LEGAL STANDARDS

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure, the Court must dismiss a claim unless it alleges facts stating a claim for relief that is "plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). On a motion to dismiss, the Court must construe the factual allegations in a complaint as true and in the light most favorable to the plaintiff. *Moore v. Guthrie*, 438 F.3d 1036 (10th Cir. 2006). But the Court need not accept unsupported, conclusory allegations or legal conclusions drawn by the plaintiff. *See Twombly*, 550 U.S. at 555; *S. Disposal v. Tex. Waste Mgmt.*, 161 F.3d 1259, 1262 (10th Cir. 1998) (court "need not accept . . . conclusory allegations as true").

A statute of limitations claim may be raised on a motion to dismiss if the complaint shows on its face that the limitations period has run. *Bauer v. City & Cty. of Denver*, No. 15-1275, 2016 WL 1019080, at *3 (10th Cir. Mar. 15, 2016) (unpublished) ("'[W]hen the dates given in the complaint make clear that the right sued upon has been extinguished,' dismissal under 12(b)(6) is appropriate.") (citation omitted). "Statutes of limitation . . . are designed to promote justice by preventing surprises through the revival of claims that have been allowed to slumber until evidence has been lost, memories have faded, and witnesses have disappeared." *Order of R.R. Telegraphers v. Ry. Express Agency*, 321 U.S. 342, 348–49 (1944). "[S]tatutes of limitations, as a matter of public policy, exist because the law has long recognized the need 'to prevent the enforcement of stale claims,' in order to 'afford[ ] protection against ancient

demands, whether originally well founded or not, and [to] serve[ ] as a warning against the consequences of [undue delay].'" *Falkenrath v. Candella Corp.*, 2016 UT App. 76, ¶ 8 (alterations in original; citations omitted); *see also Horton v. Goldminer's Daughter*, 785 P.2d 1087, 1091 (Utah 1989) ("statutes of limitation are intended to compel the exercise of a right of action within a reasonable time and to suppress stale and fraudulent claims so that claims are advanced while evidence to rebut them is still fresh.").

III.   ARGUMENT

    A.   Mitchell's Claims Are Time-Barred

Mitchell alleges and concedes that this civil action is time-barred. Compl. ¶ 36. On this narrow issue, she is correct. The Utah Code provides the applicable statutes of limitations. *West v. CONRAIL*, 481 U.S. 35, 39 n.4 (1987) (citing *Walker v. Armco Steel Corp.*, 446 U.S. 740, 752-53 (1980)) ("When the underlying cause of action is based on state law, and federal jurisdiction is based on diversity of citizenship, state law . . . provides the appropriate period of limitations . . . ."). Under Utah law, "a statute of limitations begins to run upon the happening of the last event necessary to complete the cause of action." *Colosimo v. Roman Catholic Bishop of Salt Lake City*, 2007 UT 25, ¶ 14, 156 P.3d 806.

Claims One and Two allege separate causes of action for assault and battery. Compl. ¶¶ 33-48. Claim Five alleges a cause of action for false imprisonment. Compl. ¶¶ 70-78. In 1981, Utah law provided that an action for assault, battery, and false imprisonment must be brought within one year. Utah Code Ann. § 78-12-29(4) (1953).[3]  In Claims Three and Four,

---

[3] In 2006, this section of the Utah Code imposing a one-year statute of limitations for certain enumerated causes of action was amended to exclude actions for assault and battery–but not false imprisonment–from its coverage, 2006 Utah Laws 274, and the law was thereafter

Mitchell asserts intentional and negligent infliction of emotional distress by Roberts in 1981. The statute of limitations for such claims is four years. *See* Utah Code Ann. § 78-12-25(3) (2007) (renumbered as Utah Code Ann.§ 78B-2-307) ("An action may be brought within four years . . . for relief not otherwise provided by law."); *see also Roark v. Crabtree*, 893 P.2d 1058, 1063 (Utah 1995) (applying the residual four-year limitations period set forth in section 78-12-25(3) to intentional infliction of emotional distress claim); *Olsen v. Hooley*, 865 P.2d 1345, 1348 (Utah 1993) (claim for intentional infliction of emotional distress, based on sexual abuse, was governed by the residual four-year limitations period).

Mitchell alleges that the relevant events occurred in 1981. Compl. ¶¶ 10, 13.[4] In 1981, Utah law provided: "If after a cause of action accrues [a person] departs from the state, the time

---

renumbered in 2008 as Utah Code Ann. § 78B-2-302 [Statutes of Limitation, Other than Real Property, Within one year]. The pre-2006 version of the one-year statute of limitations that included assault and battery within its coverage, however, had been in effect for decades prior, including when Mitchell's cause of action accrued. *Compare* Utah Code Ann. § 78-12-29(4) (1953) with Utah Code Ann. § 78-12-29(4) (1987). *See, e.g.*, *Roark v. Crabtree*, 893 P.2d 1058, 1062-63 (Utah 1995) (assault and battery claims filed in 1993 based on alleged sexual abuse in 1974 and 1975 covered by one-year statute of limitations in section 78-12-29(4)); *Ankers v. Rodman*, 995 F. Supp. 1329 (D. Utah 1997) (battery claim filed in 1996 based on alleged unauthorized physical contact in 1994 covered by one-year statute of limitations in section 78-12-29(4)). Under Utah law, legislation increasing a statute of limitations period does not apply retroactively. *See Roark*, 893 P.2d at 1061-63; *see also infra* at 8-14. Thus, for example, in a case where an alleged assault occurred in 2005, when section 78-12-29(4) provided for a one-year statute of limitations for assault, the court applied that one-year statute of limitations, even though it acknowledged that the legislature had subsequently amended section 78-12-29(4)– excluding assault from its coverage–before the plaintiff filed the lawsuit in 2009. *Salters v. Smith's Food & Drug King/Krogers*, No. 2:09-CV-1001-CW-SA, 2010 WL 3952041, at *2 & n.1 (D. Utah Sept. 8, 2010) (unpublished), report and recommendation adopted, No. 2:09-CV-1001, 2010 WL 3952026 (D. Utah Oct. 7, 2010) (unpublished). The same result applies here.

[4] Mitchell alleges that she turned eighteen in October 1982. *See id.* ¶ 9. Generally, if a cause of action accrues while the plaintiff is under the age of majority, claims are tolled until the plaintiff's eighteenth birthday. *See* Utah Code Ann. § 78-12-36 (renumbered as Utah Code Ann. § 78B-2-308); *Roark*, 893 P.2d at 1060 (finding that the one-year statute of limitations for claims

of his absence is not part of the time limited for the commencement of the action." Utah Code Ann § 78-12-35 (1953).  In 2009, the Utah legislature amended the tolling provision to provide: "If after a cause of action accrues the person departs from the state, the time of his absence is not part of the time limited for the commencement of the action *unless Section 78B-3-205 applies*."  Utah Code Ann. § 78B-2-104 (formerly § 78-12-35; effective May 12, 2009) (emphasis added).  Section 78B-3-205, Utah's long-arm statute, states that a person is "subject to the jurisdiction of the courts of this state as to any claim arising out of or related to . . . the causing of any injury within this state whether tortious or by breach of warranty."  Utah Code Ann. § 78B-3-205(3).  Because the Complaint alleges that Roberts injured Mitchell by tortious conduct in Utah, Roberts has always been subject to the jurisdiction of the Utah courts pursuant to this long-arm statute.  Thus, under section 78B-2-104, the applicable statutes of limitations for Mitchell's claims began running no later than May 12, 2009, the effective date of the amended tolling statute.

Mitchell did not file the Original Complaint until March 16, 2016, and did not file the current Complaint until July 29, 2016.  Accordingly, the statutes of limitations have run on all of Mitchell's claims.  Again, Mitchell concedes as much.  Compl. ¶ 36 (acknowledging this "civil action . . . was time-barred as of July 1, 2016.").

### B. Amended Utah Code Ann. § 78B-2-308 Cannot Revive Mitchell's Claims

Conceding that the applicable statutes of limitations bar her cause of action, Mitchell contends solely that the expired claims are revived under the recent amendment to Utah Code Ann. § 78B-2-308, which extended the statute of limitations for civil actions based on sexual

---

of assault and battery arising out of alleged sexual abuse were tolled until the individual turned eighteen).  In this case, as discussed *infra*, Utah's out-of-state tolling statute tolled Mitchell's claims beyond her eighteenth birthday, until 2009 at the latest.

abuse of a person under 18 years of age. Compl. ¶ 36. Therefore, the only question before the Court is whether, as a matter of law, the subsequent enlargement of the limitations period by amended Utah Code Ann. § 78B-2-308 (2016) ("the Amended Statute") can revive Mitchell's time-barred claims. It cannot. "[T]he subsequent passage of an act increasing the period of limitation [can]not operate to affect or renew a cause of action already barred." *Roark*, 893 P.2d at 1062. To the extent the Amended Statute revives causes of action that were time-barred prior to the effective date of the legislation, it is invalid under longstanding Utah law.

### 1. Over a Century of Binding Precedent from the Utah Supreme Court Precludes Renewal of Time-Barred Claims

Since 1900, the Supreme Court of Utah has "consistently maintained that the defense of an expired statute of limitations is a vested right." *Roark*, 893 P.2d at 1062-63 (citing *Ireland v. Mackintosh*, 22 Utah 296, 61 P. 901 (1900)). In various decisions throughout the twentieth century, the Court has reaffirmed the indestructibility of this right. *See, e.g.*, *In re Swan's Estate*, 95 Utah 408, 415 (Utah 1938) (noting an amendment lengthening the applicable statute of limitations and explaining "this was after the bar had become effective in this case, and so cannot affect our decision"); *Greenhalgh v. Payson City*, 530 P.2d 799, 802 (Utah 1975), *superseded on other grounds by* Utah Code Ann. § 78-12-36(1) (Supp. 1975) (citing *Ireland*, *supra*; 51 Am. Jur. 2d, Limitations of Actions, § 44) ("The subsequent passage of an act by the legislature increasing the period of limitation could not operate to affect or renew a cause of action already barred."). In those cases where the Court permitted retroactive application of a new statute of limitations, it made clear that such application was only permissible because the new limitations period came into effect *before* the prior limitations period had expired. *See, e.g.*, *Del Monte Corp. v. Moore*,

580 P.2d 224, 225 (Utah 1978). Thus, limitations periods are capable of extension while active, but not of revival once expired.

More recently, the Utah Supreme Court addressed this issue in *State v. Apotex*, 2012 UT 36 (2012). The decision is directly on point and dispositive. In *Apotex*, the Court considered what effect—if any—an amendment to the Utah False Claims Act ("UFCA") that provided a new and longer statute of limitations for actions brought under the statute had on claims that had already expired under the former, shorter limitations period. *Id.* ¶ 66. Subsection (1) of the amended statute replaced a one-year statute of limitations with a provision allowing an action to be brought for up to ten years after the date of the violation. *Id.* ¶¶ 65-66. The statute states, "A civil action brought under this chapter may be brought for acts occurring prior to the effective date of this section if the limitations period set forth in Subsection (1) has not lapsed." Utah Code Ann. § 26-20-15(2). With this language, the statute expressly permitted the revival of claims accrued prior to the statute's effective date for which the prior one-year limitations period had expired if the new 10-year limitations period had not lapsed. *Id.* Although the new law "expanded the limitations period and expressly provided for the new limitations period to be retroactive," the district court "held that '[t]he retroactive application of the amended statute of limitations provision cannot operate to revive claims that were already time-barred under the prior version of the statute.'" *Id.* ¶ 14 (quoting district court).

On appeal, the Supreme Court directly addressed and rejected an argument that because "the plain language of the amended UFCA applies the new statute of limitations period retroactively to 'acts occurring prior to' April 30, 2007," "the one-year statute of limitations [was] irrelevant." *Id.* ¶ 67. Even though the plain text of the amended UFCA applied the new

statute of limitations retroactively to lapsed claims, the Utah Supreme Court held "[t]he amended UFCA cannot resurrect claims that have already expired under the one-year limitations period." *Id.*  The Court explained that "after a cause of action has become barred by the statute of limitations the defendant has a vested right to rely on that statute as a defense . . . which cannot be taken away by legislation . . . or by affirmative act, such as lengthening of the limitation period." *Id.* (quoting *Roark*, 893 P.2d at 1063 (quotation omitted)); *see also id.* ¶ 64 ("This conclusion [affirming dismissal for expiration of the statute of limitations] is grounded in our recognition that once a cause of action expires, it may not be revived by statutory enactment."). The same logic and precedents apply here.

Subsection 7 of the Amended Statute provides that a "civil action . . . for sexual abuse that was time-barred as of July 1, 2016, may be brought within 35 years of the victim's 18th birthday, or within three years of" May 10, 2016.  Utah Code Ann. § 78B-2-308(7).  Like the amended UFCA in *Apotex*, the text of the statute demonstrates that it was meant to apply retroactively and include lapsed claims.  But, just as in *Apotex*, the Amended Statute "cannot resurrect claims that have already expired" under the prior statute of limitations.  *See* 2012 UT 36, ¶ 67 (legislation cannot take away a defendant's vested right to rely on expiration of the limitations period as a defense); *see also Roark*, 893 P.2d at 1062 (citing *Del Monte Corp.*, 580 P.2d at 225) ("[W]hen 'the statute has run on a cause of action, so that it is dead, it cannot be revived by *any* [] statutory extension.'") (emphasis added).

The sensitive nature of sexual abuse claims does not alter a defendant's vested rights nor Utah's ban against reviving dead claims.  The Utah Supreme Court has addressed retroactive application of new statutes of limitations to allegations of child sexual abuse in both the civil and

criminal contexts and has concluded without caveat or limitation that "once the statute of limitations has run in a particular case, a defendant has a vested right to rely on the limitations defense, which right cannot be rescinded by subsequent legislation extending a limitations period." *See State v. Lusk*, 2001 UT 102, ¶ 30 (citing *DOIT, Inc. v. Touche, Ross & Co.*, 926 P.2d 835, 851 (Utah 1996)); *Roark*, 893 P.2d at 1063; *see also* 51 Am. Jur. 2d Limitation of Actions § 44 (1970) (holding that a statutory amendment extending the statute of limitations for aggravated sexual abuse of a child could not "resurrect the State's ability to prosecute a crime already barred because of the running of the statute of limitations").[5] Thus, Mitchell's allegations fail to raise a viable cause of action. Mitchell's claims are time-barred and subsequent legislation does not alter that inescapable fact.

### 2. A Majority of States That Have Reached the Issue Agree with Utah that Legislation Cannot Revive Time-Barred Claims

Utah is far from an outlier in concluding that a statutory extension cannot revive a cause of action once the statute of limitations has run. Twenty-four states–a majority of states that have addressed the issue–hold that legislation retroactively amending a statute of limitations to revive time barred claims is invalid. Within that group, Utah is among six states (including Arkansas, Indiana, Kentucky, Maine, and Pennsylvania) that prohibit the retroactive expansion of the statute of limitations, to revive an otherwise time-lapsed claim, as an impermissible deprivation of a vested property right. *Roark*, 893 P.2d at 1062-63; *Johnson v. Lilly*, 823 S.W.2d

---

[5] Indeed, the rule protecting a defendant's vested right to assert the limitations defense holds true across all crimes. *See State v. Norton*, 675 P.2d 577, 586 (Utah 1983), *cert. denied*, 466 U.S. 942 (1984), *overruled on other grounds*, *State v. Hansen*, 734 P.2d 421 (Utah 1986)) ("Courts universally hold that an extended limitations period can be applied to crimes committed before the amendment, *where the limitations defense has not accrued to the defendant prior to the effective date of the amendment*.") (emphasis added).

883, 884-85 (Ark. 1992); *Green v. Karol*, 344 N.E.2d 106, 112 (Ind. Ct. App. 1976); *Johnson v. Gans Furniture Indus., Inc.*, 114 S.W.3d 850, 854-55 (Ky. 2003); *Angell v. Hallee*, 92 A.3d 1154, 1157 (Me. 2014); *Overmiller v. D. E. Horn & Co.*, 159 A.2d 245, 247-49 (Pa. Super. Ct. 1960) ("Even if the legislature by specific language had indicated its intention to accomplish such results, our Supreme Court has held that such statutory provision should not be carried out. . . . [T]here was no effort on the part of the legislature by the Act of 1956 to revive claims which had been barred, but had the legislature made any such attempt there is authority to indicate that it would be unconstitutional . . . .") (citations omitted).[6] Thus, despite the federal constitution's

---

[6] Of the remaining eighteen states prohibiting resurrection of time-barred claims through subsequent legislation: (1) eight states base their holdings on state constitutional provisions prohibiting retroactive legislation, *see Johnson v. Garlock, Inc.*, 682 So.2d 25, 28 (Ala. 1996); *Jefferson Cty. Dept. of Soc. Servs. v. D.A.G.*, 607 P.2d 1004, 1006 (Colo. 1980); *Univ. of Miss. Med. Ctr. v. Robinson*, 876 So.2d 337, 340 (Miss. 2004) (citing Miss. Const. Article 4, § 97; Miss. Code Ann. § 15-1-3 (Rev. 2003)) (state constitution and statute prohibit revival of time-barred claims); *Doe v. Roman Catholic Diocese*, 862 S.W.2d 338, 341-42 (Mo. 1993); *Gould v. Concord Hospital*, 493 A.2d 1193, 1195-96 (N.H. 1985); *Wright v. Keiser*, 568 P.2d 1262, 1267 (Okla. 1977) (citing Okl. Const. Art. V, § 52); *Ford Motor Co. v. Moulton*, 511 S.W.2d 690, 696-97 (Tenn.), *cert. denied*, 419 U.S. 870 (1974) (citing Tenn. Const. Art. 1, § 20); *Baker Hughes, Inc. v. Keco R. & D., Inc.*, 12 S.W.3d 1, 4 (Tex. 1999); (2) Vermont relies on a state statute prohibiting retroactive legislation, *see Stewart v. Darrow*, 448 A.2d 788, 789-90 (Vt. 1982) (citing 1 V.S.A. § 214(b)) (state statute prohibits retroactive application because defendant acquires a "right" in the operation of the bar); (3) seven states hold the state constitution due process clause prohibits retroactive revival of time-barred claims, *see Wiley v. Roof*, 641 So.2d 66, 69 (Fla. 1994); *Doe v. Diocese of Dallas*, 917 N.E.2d 475, 486 (Ill. 2009); *Givens v. Anchor Packing, Inc.*, 466 N.W.2d 771, 773-74 (Neb. 1991); *Colony Hill Condominium I Assoc. v. Colony Co.*, 320 S.E.2d 273, 276 (N.C. Ct. App. 1984); *Kelly v. Marcantonio*, 678 A.2d 873, 883 (R.I. 1996); *Doe v. Crooks*, 613 S.E.2d 536, 538 (S.C. 2005); *State of Minn. ex rel. Hove v. Doese*, 501 N.W.2d 366, 370 (S.D. 1993); and (4) two states hold that expiration of a statute of limitations creates a constitutionally-protected vested right that must be balanced with the legislature's purpose for imposing retroactivity. *Segura v. Frank*, 630 So.2d 714, 728-31 (La. 1994); *Soc'y Ins. v. Labor & Indus. Review Comm'n*, 786 N.W.2d 385, 396, 399 (Wis. 2010) (concluding retroactive application of an amended statute violated the defendants' due process rights).

more permissive stance,⁷ the majority of states confronting this issue preclude retroactive expansion of time-barred claims. Several states have so concluded in the precise context presented here–consideration of legislation designed to revive time-barred claims of child sexual abuse. *See, e.g.*, *Wiley*, 641 So.2d at 67 (rejecting the Florida legislature's attempt to revive abuse cases that have "already been barred by the expiration of the pre-existing statute of limitations"); *Johnson v. Augustinians*, 919 N.E.2d 492, 494-95 (Ill. App. Ct. 1st Dist. 2009) (rejecting the Illinois legislature's attempt to revive time-barred actions for sexual child abuse); *Roman Catholic Diocese*, 862 S.W.2d at 339 (finding a Missouri childhood sexual abuse statute unconstitutional "to the extent that it authorizes causes of action that are barred under statutes of limitation applicable prior to . . . the effective date of the statute").

### 3.   Precedents Discussing Statutory Construction in Relation to Retroactive Expansion of a Limitations Period That Has Not Lapsed Are Inapposite

The Utah Code provides and various state-law precedents stand for the uncontroversial rule of statutory construction that provisions of the Utah Code apply only prospectively, "unless the provision is expressly declared to be retroactive." *See* Utah Code Ann. § 68-3-3; *see, e.g.*, *Madsen v. Borthick*, 769 P.2d 245, 253 (Utah 1988) ("a legislative enactment which alters the substantive law or affects vested rights will not be read to operate retrospectively unless the

---

Three states–including Maryland–have not conclusively determined whether the expiration of a statute of limitations creates a vested right protected from subsequent legislation. The Maryland Court of Appeals, however, has suggested that it would find such a vested right. *See Doe v. Roe*, 20 A.3d 787, 799 (Md. 2011) (stating it would have been "faced with a different situation entirely had [plaintiff's] claim been barred" under the applicable statute of limitations prior to the effective date of the new statute).

⁷ *See Chase Secs. Corp. v. Donaldson*, 325 U.S. 304, 311-13 (1945); *Campbell v. Holt*, 115 U.S. 620, 629 (1885).

legislature has clearly expressed that intention"). In deciding whether to apply an amended statute of limitations, the Utah Supreme Court first "look[s] to the date the cause of action accrued and consider[s] whether the original statute of limitations had run prior to enactment of the amended statute." *State v. One Lot of Personal Property*, 2004 UT 36, ¶ 13 (citing *Lusk*, 2001 UT 102, ¶¶ 25-31). Retroactive extension of a limitations period is permitted only if the statute of limitations that the cause of action accrued under did not expire prior to the new legislation. *See, e.g.*, *Dep't of Human Servs. v. Jacoby*, 1999 UT App. 52, ¶ 13 (recognizing enactment of a new statute during pendency of the original action and specifically distinguishing cases in which the applicable statute of limitations expired before passage of an act that increased the limitations period); *see also State Tax Comm'n v. Spanish Fork*, 99 Utah 177, 181 (Utah 1940) ("This new statute of limitations became effective . . . before this action was barred by the previous one-year statute. Therefore, the time within which the action could be brought was extended for two years . . . ."). If the original statute of limitations did not expire, then Utah's rule of statutory construction applies to determine whether the legislature expressly stated the extended limitations period was retroactive or if the statute "is procedural in nature and does not enlarge or eliminate vested rights." *Jacoby*, 1999 UT App. 52, ¶ 10.

       This inquiry is relevant only if the legislation expanding the statute of limitations takes effect during the original limitations period. Once the original limitations period has run, however, the right of a defendant to avoid suit is vested and later legislation is powerless to destroy that right, even if the legislature expressly intended to do so. *See Apotex*, 2012 UT 36, ¶ 67; *Lusk*, 2001 UT 102, ¶ 26. When the original limitations period expires prior to legislative extension, the question is no longer one of statutory construction or legislative intent, but rather

of legislative power.[8]  Thus, whereas typically "the legislature has power to increase the time in which an action may be brought," once "the statute has run on a cause of action, so that it is dead, it cannot be revived by any such statutory extension." *Del Monte Corp.*, 580 P.2d at 225; *see also id.* (only "if the cause of action is still alive" will "the new enactment [] extend the time in which it may be brought").

In this case, the fact that Utah's legislature intended the Amended Statute to apply retroactively to time-barred claims does not control.  That aspect of the Amended Statute is invalid under long-settled Utah law, which holds that retroactive legislation extending a statute of limitations can reach only live claims.  It is undisputed–indeed, conceded (*see* Compl. ¶ 36)– that the statutes of limitations expired as to all of Mitchell's claims prior to the Amended Statute's enactment.  Accordingly, Mitchell's claims must be dismissed.

## IV.   CONCLUSION

As Mitchell herself alleges and concedes, the one-year and four-year statutes of limitations bar her 35-year-old cause of action.  Mitchell further concedes that no statutory or

---

[8] Indeed, during the floor debate on the Amended Statute, legislators recognized that despite their intent, the proposed legislation might exceed their power and violate settled Utah law:

> My interpretation of *Roark v. Crabtree*, a 1995 Utah Supreme Court case, is that to revive a statute of limitations is a substantive action.  It affects a vested right and therefore, the vested right is for the defendant to assert the statute of limitations and so as we try to revive a barred claim we are taking away a vested right. . . . [T]he Utah Supreme Court has said essentially that that's a violation of due process, that under Utah law we cannot revive an expired statute of limitations.  And so we have the question of law, of constitutionally whether we can do what is being proposed, as much as we would want to do it.

Hearing on H.B. 279 Before the H. Judiciary Comm., 62nd Leg., Gen. Sess. (Utah, Feb. 17, 2016) (statement of Rep. Nelson, Vice Chair, H. Judiciary Comm.), available at http://utahlegislature.granicus.com/MediaPlayer.php?clip_id=19805&meta_id=618103 (statement begins at 1:19).

equitable discovery rule tolls these expired limitations periods. Accordingly, because Utah law prohibits subsequent legislation from reviving the claims, the Court should grant Defendant Roberts' Motion to Dismiss all claims in the Complaint with prejudice.

                              Respectfully submitted,

                              /s/ Neil A. Kaplan
                              Brian M. Heberlig (*pro hac vice* pending)
                              Linda C. Bailey (*pro hac vice* pending)
                              Steptoe & Johnson LLP
                              1330 Connecticut Avenue, N.W.
                              Washington, D.C. 20036
                              (202) 429-3000
                              bheberlig@steptoe.com
                              lbailey@steptoe.com

                              Neil A. Kaplan (#3974)
                              Shannon K. Zollinger (#12724)
                              Clyde Snow & Sessions
                              201 South Main Street, 13th Floor
                              Salt Lake City, UT 84111-2216
                              (801) 322-2516
                              nak@clydesnow.com
                              skz@clydesnow.com

                              *Counsel for Richard W. Roberts*

DATED: September 2, 2016

# **CERTIFICATE OF SERVICE**

  I hereby certify that on September 2, 2016, I electronically filed Defendant Richard Roberts' Motion to Dismiss the Complaint with the Clerk of the United States District Court for the District of Utah by using the Court's CM/ECF system, which sent notification of such filing to the following counsel:

  Ross C. Anderson (#0109)
  James C. Lewis (#1943)
  LEWIS HANSEN
  The Judge Building
  8 East Broadway, Suite 410
  Salt Lake City, UT 84111
  randerson@lewishansen.com
  jlewis@lewishansen.com

                /s/ Shannon K. Zollinger
                Shannon K. Zollinger (#12724)
                Clyde Snow & Sessions
                *Counsel for Richard W. Roberts*