Brian M. Heberlig (*pro hac vice*)
Linda C. Bailey (*pro hac vice*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000
bheberlig@steptoe.com
lbailey@steptoe.com

Neil A. Kaplan (#3974)
Shannon K. Zollinger (#12724)
Clyde Snow & Sessions
201 South Main Street, 13th Floor
Salt Lake City, UT 84111-2216
(801) 322-2516
nak@clydesnow.com
skz@clydesnow.com

*Counsel for Richard W. Roberts*

_____

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF UTAH, CENTRAL DIVISION
_____

| | |
|---|---|
| TERRY MITCHELL,<br><br>      *Plaintiff,*<br><br>v.<br><br>RICHARD WARREN ROBERTS,<br><br>      *Defendant.* | **DEFENDANT RICHARD W. ROBERTS' REPLY IN SUPPORT OF HIS MOTION TO DISMISS**<br><br>Case No. 2:16-cv-00843-PMW<br>Magistrate Judge Paul M. Warner |

      Plaintiff Terry Mitchell ("Mitchell") cites no case—and Roberts is aware of none—where a Utah court has applied a legislative expansion of a statute of limitations retroactively to revive an expired claim. That is not surprising, given the Utah Supreme Court's recent holding that legislation cannot revive time-barred claims, notwithstanding express legislative intent to do so.

*State v. Apotex*, 2012 UT 36, 282 P.3d 66.  This controlling Utah law requires the Court to dismiss Mitchell's claims.

Mitchell instead chides the Utah Supreme Court, calling its binding reasoning "mistaken" and "incomplete," and asks this Court to rely on generic and inapplicable rules of statutory construction to disregard binding precedent and permit her case to proceed.  The Court should decline Mitchell's invitation to rewrite Utah law.  It is also unnecessary to certify a question to the Utah Supreme Court, as Utah law on the dispositive issue is settled and this Court sitting in diversity is duty-bound to apply it.

I.      **CONTROLLING UTAH LAW REQUIRES DISMISSAL**

Under Utah law, legislation cannot revive time-barred claims regardless of legislative intent.  In *State v. Apotex*, 2012 UT 36, 282 P.3d 66, the Utah Supreme Court held that "after a cause of action has become barred by the statute of limitations the defendant has a vested right to rely on that statute as a defense . . . *which cannot be taken away by legislation . . . or by affirmative act, such as lengthening of the limitation period.*"  *Id.* ¶ 67 (quoting *Roark v. Crabtree*, 893 P.2d 1058, 1063 (Utah 1995) (quotation omitted)) (emphasis added); *see also id.* ¶ 64 ("This conclusion [affirming dismissal for expiration of the statute of limitations] is grounded in our recognition that once a cause of action expires, it may not be revived by statutory enactment.").  The *Apotex* court reached this result even though the legislature "expressly provided for the new limitations period to be retroactive."  *Id.* ¶ 14.

Mitchell does not dispute that *Apotex* is squarely on-point and dispositive.  Nonetheless, she advocates disregarding this precedent and the century of settled case law on which it rests because—in her opinion—it was wrongly decided.  According to Mitchell, in *Apotex*, the Utah Supreme Court "cavalierly" undermined the state legislature when it "blindly, and misleadingly,

parrot[ed]" its own precedent in a manner contrary to Mitchell's interests.  Opp. at 24; *see also id.* at 9 (arguing that the *Apotex* court "misleadingly" and "incompletely" interpreted its earlier decision in *Roark*).  As a result, Mitchell contends that the Utah Supreme Court "mistakenly" applied the wrong test when it unambiguously precluded retroactive expansion of an expired statute of limitations.  Opp. at 9, 24-25.  Because that preclusion requires dismissal here, Mitchell asks this Court to disregard *Apotex* and the Utah Supreme Court's interpretation of its own precedents.[1]

This Court's duty in a diversity case, however, is to "apply state law . . . in accordance with the then controlling decision of the highest state court." *Juarez v. United Farm Tools, Inc.*, 798 F.2d 1341, 1342 (10th Cir. 1986) (citing *Vandenbark v. Owens-Illinois Glass Co.*, 311 U.S. 538, 543 (1941)).  The Court cannot disregard or disagree with applicable state law and adopt a different approach.  *Pound v. Ins. Co. of N. Am.*, 439 F.2d 1059, 1063 (10th Cir. 1971).  The Utah Supreme Court's decision in *Apotex* is controlling and requires dismissal of Mitchell's time-barred claims.

For a second time, Roberts has presented controlling state law that establishes Mitchell's claims are time-barred.  *See* Mot. to Dismiss, ECF No. 9 at 6-16; Defendant Richard W. Roberts' Motion to Dismiss the Complaint at 5-7, 8-15, *Mitchell v. Roberts*, No. 2:16-cv-00218-JNP-EJF (D. Utah), ECF No. 12.  And for a second time, not surprisingly, Mitchell has cited no case—and Roberts is aware of none—where a Utah court has applied a legislative expansion of a statute of limitations retroactively to revive an expired claim.  *See* Plaintiff's Mem. in Opposition to Mot. to Dismiss, ECF No. 12; *Mitchell v. Roberts*, No. 2:16-cv-00218-JNP-EJF (D. Utah), ECF No.

---

[1] Mitchell insists that *Roark* supports her position.  Opp. at 5 n.10, 6 n.12, 9-10, 24-25. But the Utah Supreme Court clearly disagrees, as it expressly relied on *Roark* for its holding that legislation cannot revive time-barred claims.  *Apotex*, 2012 UT 36, ¶ 67, 282 P.3d 66 (quoting *Roark*, 893 P.2d at 1063).

3

16.  Indeed, *all* of Mitchell's cited cases that examine statutes of limitations hold that legislative enactments extending the limitations period may *not* be applied retroactively if the prior limitations period has run.  *See, e.g.*, Opp. at 5 (citing *State v. Lusk*, 2001 UT 102, ¶ 30, 37 P.3d 1103 ("[O]nce the statute of limitations has run in a particular case, a defendant has a vested right to rely on the limitations defense, which right cannot be rescinded by subsequent legislation extending a limitations period."); *Roark*, 893 P.2d at 1062 ("[T]he subsequent passage of an act increasing the period of limitation [can]not operate to affect or renew a cause of action already barred.")); *id.* at 8 n.15 (citing *Ireland v. Mackintosh*, 22 Utah 296, 61 P. 901 (1900)).  Mitchell's attempt to cherry-pick language describing statutory construction standards from those cases does not diminish their holdings:  the legislature cannot revive time-barred claims.

With all germane precedents categorically against her, Mitchell seeks refuge in boilerplate language that legislation affecting substantive rights will not be applied retroactively absent clear legislative intent.  Opp. at 5-8, 8-10.[2]  Mitchell manipulates this language to contrive a nonexistent separation of powers crisis and suggests that following controlling Utah law would amount to a judicial coup.  Opp. at 1, 4, 16-18.  This is nothing but a sensational red herring. The legislative-intent analysis Mitchell relies upon is appropriate only in cases where the original statute of limitations has not yet expired.  *See, e.g.*, *Dep't of Human Servs. v. Jacoby*, 1999 UT App. 52, ¶ 13, 975 P.2d 939 (distinguishing cases in which the applicable statute of limitations expired before legislation increased the limitations period); *see also State Tax Comm'n v. Spanish Fork*, 100 P.2d 575, 576 (Utah 1940) (extending a limitations period only after determining the new statute of limitations became effective before the action was time-barred).

---

[2] Mitchell places special significance on *Waddoups v. Noorda*, 2013 UT 64, 321 P.3d 1108, apparently because it postdates *Apotex*.  Opp. at 10.  But *Waddoups* does not address retroactive application of an extended statute of limitations to time-barred claims.  2013 UT 64, ¶ 1, 321 P.3d 1108 (addressing legislation regarding negligent credentialing claims).

Once the limitations period has run for a particular claim, the legislature lacks power to extend the time in which to assert that claim. *Del Monte Corp. v. Moore*, 580 P.2d 224, 225 (Utah 1978) (If "the statute has run on a cause of action, so that it is dead, it cannot be revived by any such statutory extension."); *see also id.* (only "if the cause of action is still alive" will "the new enactment [] extend the time in which it may be brought").[3] Thus, legislative intent—and any deference the judiciary customarily affords it—becomes irrelevant because the legislature does not have the authority to revive dead claims.

Finding no support in Utah law for her contention that the legislature can revive time-barred claims, Mitchell resorts to nonbinding decisions from other jurisdictions. Opp. at 5-6 (citing a 1978 case from Hawaii at odds with Utah precedent); *id.* at 18 (citing a Delaware case construing statutes of limitations as "matters of remedy" rather than "fundamental rights," contrary to Utah authority which considers a statute of limitations defense a vested right); *id.* at 21 n.49 (incorrectly asserting that federal and other state precedents upholding extensions of statutes of limitations somehow require the Court to uphold the new statute of limitations legislation despite contradictory Utah law). Of course, none of these decisions defeats controlling authority from the Utah Supreme Court. *See Utah Power & Light Co. v. Fed. Ins. Co.*, 983 F.2d 1549, 1560-61 (10th Cir. 1993) (declining to import rules adopted in other jurisdictions that ran contrary to Utah law, despite acknowledging that the "courts in other jurisdictions may have found good reason" to disfavor the Utah approach).[4]

---

[3] Mitchell cites *Del Monte Corp.* as yet "[a]nother instance of inattention by the Utah Supreme Court," based on its failure to implement the law as Mitchell imagines it. Opp. at 25.

[4] To the extent persuasive authority bears any influence on this motion, Mitchell ignores that a majority of jurisdictions that have addressed the issue agree with Utah and hold that legislation retroactively amending a statute of limitations to revive time-barred claims is invalid. *See* Mot. to Dismiss at 12-13. Unable to refute this fact, Mitchell resorts in a footnote to attacking the Arkansas Supreme Court for purportedly misinterpreting its own precedent (in

In sum, Mitchell's position is contrary to controlling Utah law and the majority view. The Utah Supreme Court in *Apotex* squarely resolved the exact issue before this Court in Roberts' favor. Sitting in diversity, this Court is obliged to rule in accordance with that decision and dismiss all claims.[5]

## II.    CERTIFICATION TO THE UTAH SUPREME COURT IS UNNECESSARY

As a fallback, Mitchell asks that the Court—rather than dismiss her claims under controlling Utah law—certify the question of whether the Utah Code Ann. § 78B-2-308 (2016) ("the Amended Statute") can revive time-barred claims to the Utah Supreme Court. Opp. at 23-26. Certification is a rare procedure to be invoked only when "there appears to be no controlling Utah law." Utah R. App. P. 41(c)(1)(C). Here, where the Utah Supreme Court has already decided the precise issue faced by the Court, certification would be wholly unwarranted.

In a diversity case, this Court has "the duty to decide questions of state law *even if difficult or uncertain*, and the denial of the opportunity for decision by a federal court in a proper diversity case 'would thwart the purpose of the [federal diversity] jurisdictional act.'" *Copier by*

---

much the same manner that she maligns the Utah Supreme Court), *see* Opp. at 6 n.12, and mischaracterizing a Pennsylvania decision as equivocal when the opinion makes clear that the legislature has no authority to revive time-barred claims. *Compare id. with Overmiller v. D. E. Horn & Co.*, 159 A.2d 245, 249 (Pa. Super. Ct. 1960) ("When the time prescribed in the statute has expired, 'the right to recover is defeated.' When the right is completely extinguished it cannot be revived or reinstated.") (citations omitted). These arguments are incorrect and duck the real issue: Utah's refusal to permit legislative revival of time-barred claims is the majority position.

[5] Mitchell urges the Court to undertake a rational basis review to determine whether the legislature constitutionally amended Utah Code Ann. § 78B-2-308 (2016) to revive time-barred claims. Opp. at 19-21. This Court should not undertake any independent state constitutional analysis as it is bound under *Erie* doctrine to apply controlling Utah law to resolve this case. *See Juarez*, 798 F.2d at 1342; *see also Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (in a diversity action, the federal court must apply the substantive law of the forum state). Utah law treats the statute of limitations defense as inviolable, rendering any constitutional analysis by this Court unnecessary. *Apotex*, 2012 UT 36, ¶ 67, 282 P.3d 66; *Roark*, 893 P.2d at 1063. For that reason, Federal Rule of Civil Procedure 5.1 is not implicated, contrary to Mitchell's suggestion.

*& Through Lindsey v. Smith & Wesson Corp.*, 138 F.3d 833, 838 (10th Cir. 1998) (citing *Meredith v. City of Winter Haven*, 320 U.S. 228, 235 (1943)) (emphasis added). Thus, even where "a federal court is presented with an *unsettled* question of state law," certification "is not to be routinely invoked." *Armijo v. Ex Cam, Inc.*, 843 F.2d 406, 407 (10th Cir. 1988) (emphasis added). Necessarily, therefore, certification is unwarranted when state law on the dispositive issue is *settled*.

Mitchell claims that the Utah Supreme Court "has not yet resolved the precise question" of whether the Amended Statute can resurrect time-barred claims. Opp. at 23. This phrasing gets Mitchell nowhere and does not establish a lack of controlling Utah law. The Utah Supreme Court has ruled that legislation enlarging a statute of limitations period cannot revive expired claims. *See Apotex*, 2012 UT 36, ¶ 67, 282 P.3d 66; *Roark*, 893 P.2d at 1063; *Del Monte Corp.*, 580 P.2d at 225; *Lusk*, 2001 UT 102, ¶ 30, 37 P.3d 1103. To consider this issue unresolved because the Utah Supreme Court has not yet applied these controlling precedents to the recently enacted Amended Statute would amount to a wholesale abandonment of stare decisis and forever alter federal diversity jurisdiction. *See Copier*, 138 F.3d at 839 ("If federal courts were required to certify every question on which there were 'any possible argument that there is uncertainty on the Utah law' then federal courts would effectively lose jurisdiction in such cases.").

*Copier* is instructive. There, the plaintiff claimed in federal district court that Utah law was unsettled on whether manufacturing firearms constituted an ultrahazardous activity justifying tort liability. 138 F.3d at 834. Although the Utah courts had not reached that precise issue, they had declined to impose liability on operators of gas stations, users of dynamite for blasting purposes, and alcohol providers, *id.* at 837-38, and no Utah decision had concluded that any manufacturing activity "trigger[ed] the ultrahazardous activity doctrine." *Id.* at 840. In

those circumstances, the Tenth Circuit found "no unusual difficulty in deciding the state law question" and declined to certify the question to the Utah Supreme Court. *Id.* at 839. The law on the issue facing the Court is far more settled than that at issue in *Copier*. Certification here is simply unwarranted.

Nor can Mitchell justify certification by asserting that the Utah Supreme Court decisions in *Roark* and *Apotex* are inconsistent on the controlling issue. Opp. at 24-26. Ordinarily, when two state supreme court decisions potentially conflict, a federal court sitting in diversity must "follow the statement of law that is most recent." *BV Jordanelle, LLC v. Old Republic Nat'l Title Ins. Co.*, 830 F.3d 1195, 1203 (10th Cir. 2016). Thus, even if those decisions conflicted— which they do not—the Court would be obligated to follow the more recent *Apotex* decision. Moreover, where a decision "squarely addresses the state-law issue raised," and "is more recent and more directly applicable" to the matter before the Court than the purportedly conflicting opinion, "certification is unnecessary" and the Court should rely on that opinion "without further guidance from the Utah Supreme Court." *Id.* at 1204 n.5.

Those are the exact circumstances before the Court. *Apotex* "squarely addresses the state-law issue raised" in this motion to dismiss and is "more recent and more directly applicable" than *Roark*. Whereas in *Roark*, the Utah Supreme Court observed that the legislature had not intended the new statute of limitations to apply retroactively, in *Apotex* the legislative intent for retroactive application was clear. *Compare Roark*, 893 P.2d at 1061-62 *with Apotex*, 2012 UT 36, ¶¶ 64-67, 282 P.3d 66. Despite legislative intent that the statute apply retroactively, the *Apotex* Court expressly relied on *Roark* and its other precedents to conclude that the legislature may not revive time-barred claims. Thus, *Roark* and *Apotex* do not conflict at all; *Apotex* explains and elaborates on the meaning of *Roark* in the precise context faced by this

Court. Mitchell's disagreement with the Utah Supreme Court's analysis in *Apotex*, *see* Opp. at 24-26, is irrelevant. This Court is duty-bound to follow that controlling interpretation of Utah law. No additional guidance is needed.

### III. CONCLUSION

Utah law squarely prohibits legislative revival of time-barred claims like those asserted by Mitchell. Accordingly, the Court should grant Defendant Roberts' Motion to Dismiss all claims in the Complaint with prejudice.[6]

Respectfully submitted,

/s/ Brian M. Heberlig
Brian M. Heberlig (*pro hac vice*)
Linda C. Bailey (*pro hac vice*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000
bheberlig@steptoe.com
lbailey@steptoe.com

---

[6] Mitchell has made sure that her "opportunity for some semblance of justice," Opp. at 27, is not limited to filing the Complaint in this Court. She has pursued her perplexing and demonstrably false allegations, Mot. at 4, among other places, in the court of public opinion through the press, *see, e.g.*, Lindsay Whitehurst, *Utah woman says suing federal judge she accuses of sexual assault was her only option*, U.S. NEWS (Mar. 18, 2016), http://www.usnews.com/news/us/articles/2016-03-18/utah-woman-says-she-sued-judge-to-prevent-future-assaults, and in a referral to the Utah Attorney General, who has shared information with the U.S. Department of Justice and members of Congress, among others, *see* Opp. at 1 n.2 (citing Carrie Johnson, *Federal Judge Retires as 'Bad Lapse In Judgment' With 16-Year-Old Surfaces*, NPR (Mar. 18. 2016), http://www.npr.org/2016/03/18/ 470852225/ federal-judge-retires-as-bad-lapse-in-judgment-with-16-year-old-surfaces). The Utah Attorney General has also filed a complaint of judicial misconduct now lodged with the 10th Circuit Judicial Council. *See* Judicial Counsel Order, *In re A Charge of Judicial Misconduct or Disability*, No. DC-16-90009.J (May 10, 2016), https://www.cadc.uscourts.gov/internet/misconduct.nsf/ 6A66FA1E7A03654C85257FAF006FC282/$file/DC-16-90009.J.pdf).

Neil A. Kaplan (#3974)
Shannon K. Zollinger (#12724)
Clyde Snow & Sessions
201 South Main Street, 13th Floor
Salt Lake City, UT 84111-2216
(801) 322-2516
nak@clydesnow.com
skz@clydesnow.com

DATED:  October 14, 2016                 *Counsel for Richard W. Roberts*

## CERTIFICATE OF SERVICE

I hereby certify that on October 14, 2016, I electronically filed DEFENDANT RICHARD ROBERTS' REPLY IN SUPPORT OF HIS MOTION TO DISMISS with the Clerk of the United States District Court for the District of Utah by using the Court's CM/ECF system, which sent notification of such filing to the following counsel:

Ross C. Anderson (#0109)
LEWIS HANSEN
The Judge Building
8 East Broadway, Suite 410
Salt Lake City, UT 84111
randerson@lewishansen.com

    /s/ Linda C. Bailey
Linda C. Bailey (*pro hac vice*)
Steptoe & Johnson LLP

*Counsel for Richard W. Roberts*