Brian M. Heberlig (*pro hac vice*)
Linda C. Bailey (*pro hac vice*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000
bheberlig@steptoe.com
lbailey@steptoe.com

Troy L. Booher (#9419)
Zimmerman Jones Booher
Felt Building, Fourth Floor
341 South Main Street
Salt Lake City, UT 84111
(801) 924-0200
tbooher@zjbappeals.com

Neil A. Kaplan (#3974)
Shannon K. Zollinger (#12724)
Clyde Snow & Sessions
201 South Main Street, 13th Floor
Salt Lake City, UT 84111-2216
(801) 322-2516
nak@clydesnow.com
skz@clydesnow.com

*Counsel for Richard W. Roberts*

_____

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**
_____

| | |
|---|---|
| TERRY MITCHELL,<br><br>   *Plaintiff,*<br><br>v.<br><br>RICHARD WARREN ROBERTS,<br><br>   *Defendant.* | **DEFENDANT'S PROPOSED CERTIFIED QUESTION AND RELEVANT FACTS**<br><br>Case No. 2:16-cv-00843-EJF<br>Magistrate Judge Evelyn J. Furse |

**DEFENDANT'S PROPOSED CERTIFIED QUESTION**

Plaintiff Terry Mitchell ("Mitchell") and Defendant Richard W. Roberts ("Roberts") attempted in good faith without success to submit a stipulated response to comply with this Court's Order entered on April 24, 2017 (ECF No. 29). Thus, Roberts, through undersigned

counsel, hereby submits the following proposed certified question in accordance with the Court's Order:

> Under Utah law (constitutional, statutory, and common law), can Utah Code § 78B-2-308 extinguish the defense of an expired statute of limitations for claims that were expired under Utah law prior to the date of enactment of Utah Code § 78B-2-308?

## RELEVANT FACTS

Pursuant to Utah Rule of Appellate Procedure 41(c)(2), the certification order must "set forth all facts which are relevant to the determination of the question certified and which show the nature of the controversy, the context in which the question arose, and the procedural steps by which the question was framed." Roberts submits the following recitation of the relevant facts:

On July 29, 2016, Mitchell filed a complaint against Roberts alleging assault, battery, intentional infliction of emotional distress, negligent infliction of emotional distress, and false imprisonment. *See* ECF No. 2. Mitchell alleges that Roberts raped Mitchell before and during a 1981 criminal trial in which he was a prosecutor and she was a 16-year old prosecution witness. *Id.* at ¶¶ 5, 22, 26. Roberts alleges that he and Mitchell had a brief, consensual intimate relationship after Mitchell's role in the trial ended, and that Mitchell's rape narrative is perplexing and demonstrably false. ECF No. 9, at 4.

The Complaint alleges that Mitchell's 2016 civil action about these 1981 events "was time-barred" but "is now revived and can now be brought against Roberts within three years of May 10, 2016 . . . or within 35 years of Mitchell's eighteenth birthday." ECF No. 2, at ¶36 (citing Utah Code § 78B-2-308, as amended by H.B. 279 (General Session 2016) ("Amended Utah Code § 78B-2-308"). Amended Utah Code § 78B-2-308 provides in relevant part: "A civil action against a person [accused of sexual abuse] that was time barred as of July 1, 2016, may be

brought within 35 years of the victim's 18th birthday, or within three years of the effective date of this Subsection (7), whichever is longer." Utah Code § 78B-2-308(7). Amended Utah Code § 78B-2-308 defined "sexual abuse" in 2016 as, among other things, sexual intercourse between an adult and a person under 18 years of age. *Id.* § 78B-2-308(2)(a), (g).

On September 2, 2016, Roberts moved to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, for failure to state claims upon which relief can be granted. *See* ECF No. 9. Roberts asserts that all of the claims are time-barred by the applicable statutes of limitations and that, under Utah Supreme Court precedent—in particular *State v. Apotex*, 2012 UT 36, 282 P.3d 66, *Roark v. Crabtree*, 893 P.2d 1058, 1063 (Utah 1995), and *Del Monte Cor. v. Moore*, 580 P.2d 224, 225 (Utah 1978)—subsequent legislation cannot revive those claims or deprive Roberts of the vested right to have them dismissed. *See* ECF No. 9. Mitchell argues that *Apotex* was wrongly decided and that rules of statutory construction—as described in *Roark*, 893 P.2d at 1063, and *Evans & Sutherland Computer Corp. v. Utah State Tax Comm'n*, 953 P.2d 435, 437 (Utah 1997)—compel Utah courts to give effect to the legislature's express intent that a law extending a statute of limitations apply retroactively. *See* ECF No. 12. Mitchell also argues that the Utah Constitution permits the legislature to revive a time-barred claim with retroactive legislation.

Respectfully submitted,

   /s/ Brian M. Heberlig
Brian M. Heberlig (*pro hac vice*)
Linda C. Bailey (*pro hac vice*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000
bheberlig@steptoe.com
lbailey@steptoe.com

Neil A. Kaplan (#3974)
Shannon K. Zollinger (#12724)
Clyde Snow & Sessions
201 South Main Street, 13th Floor
Salt Lake City, UT 84111-2216
(801) 322-2516
nak@clydesnow.com
skz@clydesnow.com

Troy L. Booher (#9419)
Zimmerman Jones Booher
Felt Building, Fourth Floor
341 South Main Street
Salt Lake City, UT 84111
(801) 924-0200
tbooher@zjbappeals.com

*Counsel for Richard W. Roberts*

 DATED:  May 8, 2017

4

## CERTIFICATE OF SERVICE

      I hereby certify that on May 8, 2017, I electronically filed DEFENDANT'S PROPOSED CERTIFIED QUESTION AND RELEVANT FACTS with the Clerk of the United States District Court for the District of Utah by using the Court's CM/ECF system, which sent notification of such filing to the following counsel:

    Ross C. Anderson (#0109)
    LEWIS HANSEN
    The Judge Building
    8 East Broadway, Suite 410
    Salt Lake City, UT 84111
    randerson@lewishansen.com

                                    /s/ Linda C. Bailey
                              Linda C. Bailey (*pro hac vice*)
                              Steptoe & Johnson LLP

                              *Counsel for Richard W. Roberts*