Brian M. Heberlig (*pro hac vice*)
Linda C. Bailey (*pro hac vice*)
Steptoe & Johnson LLP
1330 Connecticut Avenue, N.W.
Washington, D.C. 20036
(202) 429-3000
bheberlig@steptoe.com
lbailey@steptoe.com

Troy L. Booher (#9419)
Zimmerman Jones Booher
341 South Main Street, 4th Floor
Salt Lake City, UT 84111
(801) 924-0200
tbooher@zjbappeals.com

Neil A. Kaplan (#3974)
Shannon K. Zollinger (#12724)
Clyde Snow & Sessions
201 South Main Street, 13th Floor
Salt Lake City, UT 84111-2216
(801) 322-2516
nak@clydesnow.com
skz@clydesnow.com

*Counsel for Richard W. Roberts*

_____

**IN THE UNITED STATES DISTRICT COURT**
**DISTRICT OF UTAH, CENTRAL DIVISION**
_____

| | |
|---|---|
| TERRY MITCHELL,<br><br>      *Plaintiff,*<br><br>v.<br><br>RICHARD WARREN ROBERTS,<br><br>      *Defendant.* | **DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED CERTIFIED QUESTIONS AND RELEVANT FACTS**<br><br>Case No. 2:16-cv-00843-EJF<br>Magistrate Judge Evelyn J. Furse |

Defendant Richard W. Roberts ("Roberts"), through undersigned counsel, hereby respectfully submits this Response to Plaintiff's Proposed Request Addressed to the Utah Supreme Court to Answer Certified Questions of Utah Law ("Plaintiff's Proposed Request") (ECF No. 33). The issue posed by this Court's April 24, 2017 Memorandum Decision and Order

to Submit Proposed Question for Certification ("Memorandum Decision and Order") (ECF No. 29) and the facts relevant to it are fairly straightforward.  The certified question and factual submission should be as well.  Plaintiff's complaint alleges that her time-barred claims were revived by Utah Code § 78B-2-308.  Roberts moved to dismiss the claims alleging that Utah precedent bars Utah Code § 78B-2-308 from reviving expired claims and depriving a defendant of the vested right to interpose a statute of limitations defense.  The question, then, is whether, under all Utah law, Utah Code § 78B-2-308 can or cannot extinguish the statute of limitations defense to an already expired claim.  The proposed submission by Roberts is a straightforward, accurate, and neutral recitation.  Plaintiff's plainly is not.  Thus, this Court should reject Plaintiff's submission in favor of Roberts's:

> Under Utah law (constitutional, statutory, and common law), can Utah Code § 78B-2-308 extinguish the defense of an expired statute of limitations for claims that were expired under Utah law prior to the date of enactment of Utah Code § 78B-2-308?

## I. PLAINTIFF'S PROPOSED CERTIFIED QUESTIONS ASSUME LEGAL CONCLUSIONS THAT REMAIN UNDECIDED, INVOLVE ISSUES THAT ARE NOT CONTROLLING IN THIS CASE, ARE AMBIGUOUS, AND ARE NOT FRAMED IN A NEUTRAL MANNER

*Plaintiff's First Question*

Plaintiff proposed:

1.  If a statute enacted by the Utah Legislature is constitutional, can it be rendered without effect by the courts because the statute enlarges, eliminates, or destroys vested or contractual rights?

This question is improper.  To start, it assumes that § 78B-2-308 is constitutional.  That has never been tested and remains unknown.  Indeed, this is one of the issues the Utah Supreme Court may need to resolve to elucidate the precedents that this Court concluded were unclear.

Moreover, the question is ambiguous and does not address "a controlling issue of law in a proceeding pending before" the Court as is required by Utah Rule of Appellate Procedure

41(c)(1)(B).  The Court forecasted the operative issue in this case in its decision: "Utah law remains unclear as to whether the legislature may expressly revive time-barred claims." Memorandum Decision and Order at 1 (ECF No. 29).  Specific to this case, then, the issue is whether § 78-2-308 can or cannot extinguish the statute of limitations defense to an already expired claim.  Plaintiff's first question is so abstract and off-topic that neither a "yes" answer nor a "no" answer from the Utah Supreme Court would resolve the legal question that prompted certification in the first place.

Plaintiff's first question has an additional deficiency:  it is untethered from the only statute at issue in this case.  Plaintiff requests that the Utah Supreme Court resolve – in the abstract – the degree to which the legislature can retroactively alter "contractual rights."  This gratuitous contract-law diversion has no bearing on this case, and it is certainly not "outcome determinative."  *Carranza v. United States*, No. 2:07CV291DAK, 2009 WL 1392839, at *4 (D. Utah May 14, 2009) (citing *State Farm Mut. Auto. Ins. Co. v. Pate*, 275 F.3d 666, 672 (7th Cir. 2001)).

Because Plaintiff's first question for certification involves issues that are not controlling in this case, raises issues that are not relevant to this case, and includes needless ambiguity, it should be rejected.

### *Plaintiff's Second Question*

2.  Can Utah Code section 78B-2-308 revive claims for child sexual abuse when the claims were barred by the previously applicable statute of limitations as of July 1, 2016, and the Utah Legislature expressed its intention in enacting section 78B-2-308 that such time-barred claims can be revived for a period of time?

Plaintiff's second question tracks Roberts's proposal in many respects.  But Roberts's question is clear, concise, and neutral, whereas Plaintiff's question unnecessarily references "claims for child sexual abuse" even though the subject matter of § 78B-2-308 is not relevant to

3

the statute of limitations issue that prompted certification.[1]  Nor is the fact that the revival "period of time" masked by Plaintiff's question is an enormous 35 years.

Plaintiff's second question is encumbered with language that diverts focus from the issue to be addressed, whereas Roberts's proposal addresses the same basic legal question without this deficiency.  This Court should therefore certify Roberts's proposed question.

## II. PLAINTIFF'S SUBMISSION BEARS AN IMPROPER FORMAT AND INCLUDES EXPRESS ADVOCACY

Plaintiff's proposed request for certification should also be rejected because its format is improper and it engages in express advocacy.

*First*, as is discussed in Roberts's Proposed Certified Question and Relevant Facts (ECF No. 32), Utah Rule of Appellate Procedure 41(c)(2) requires that the certification order "set forth all facts that are relevant to the determination of the question certified and which show the nature of the controversy, the context in which the question arose, and the procedural steps by which the question was framed."  Roberts's submission, unlike Plaintiff's, provides the information requested by this Court in accordance with this Court's Memorandum Decision and Order (ECF No. 29) and in the format used commonly by parties from whom this Court has sought proposed certified questions.  *See, e.g.*, *Lancer Insurance v. Lake Shore Motor Coach Lines et al.*, No. 2:14cv00785-JNP-BCW (ECF Nos. 54 & 56).

Parties tasked with submitting proposed certified questions to this Court often have included a section for relevant, neutral facts – often ordered by the Court – to help the Court prepare the certified order.  That is exactly what Roberts's submission provides.  On the other hand, Plaintiff has filed, outside of any scheduled briefing and without having provided any

---

[1] The only role played by referencing "child sexual abuse" is advocacy, but as is discussed below, a certified question is not the proper forum for advocacy.

4

advance notice to Roberts, a submission that would press her legal claims before both the district court and the Utah Supreme Court.  *See* Plaintiff's Proposed Request (ECF No. 33-1).  That submission, unlike a recitation of relevant, neutral facts as commonly provided to this Court in response to a request for a proposed certified question, was neither requested by this Court nor consistent with Court practice.  This Court should reject Plaintiff's unilateral and unwarranted submission that smuggles additional merits briefing into the Court's docket.

  *Second*, Plaintiff's submission is also improper because many of its "relevant facts" are simply duplicative of this Court's *legal analysis* in its Memorandum Decision and Order (ECF No. 29).  Plaintiff's recitation does not assist the Utah Supreme Court in evaluating the certified question and determining whether to answer the question in the first place.  Such repetition is particularly unnecessary given that this Court's Memorandum Decision and Order can be made part of the record submitted to the Utah Supreme Court.  *See* Rule 41(d) (allowing "all or any portion of the record before the certifying court" to be made part of the record at the request of the Utah Supreme Court).

  *Third*, Plaintiff does not merely repeat this Court's earlier analysis; Plaintiff also modifies it freely by injecting advocacy where the Court's impartiality did not advance Plaintiff's needs.  For example, this Court wrote, "Whether the *Apotex* decision abrogated the two-part test or merely skipped the first part of the test <u>because the statute in question did not necessarily include a clear statement of retroactivity</u> remains unclear."  Memorandum Decision and Order at 2 (ECF No. 29) (emphasis added).  Plaintiff, meanwhile, states, "Whether the Apotex decision abrogated the two-part test or merely skipped the first part of the test <u>for some unexplained reason</u> remains unclear."  Plaintiff's Proposed Request at 5 (ECF No. 33) (emphasis added).

Plaintiff's submission also injects advocacy elsewhere.  For example, immediately after the sentence quoted above, Plaintiff recites all of her arguments for invalidating the Utah Supreme Court's opinion in *Apotex*.  In addition, Plaintiff even uses this "relevant facts" submission to argue that Roberts has waived his right to challenge the constitutionality of § 78B-2-308.  Plaintiff's Proposed Request at 6 ("Here, Roberts has not challenged the constitutionality of Utah Code 78B-2-308.") (ECF No. 33).[2]

The most significant example of Plaintiff's attempt to substitute advocacy for "facts" is Plaintiff's suggestion that the Utah Supreme Court would trigger a *constitutional crisis* by upholding its own decision in *Apotex*:  "[T]he adoption of the rule that seems to have been stated in *Apotex* would portend an unprecedented shift in the system of checks and balances and separation of power between the judicial and legislative branches of government," and cause a "momentous shift in the balance of power between the judicial and legislative branches of government."  Plaintiff's Proposed Request at 7 (ECF No. 33).

Plaintiff will have the opportunity to advance legal arguments when briefing the Utah Supreme Court.  But Plaintiff's advocacy has no place in the statement of neutral, relevant facts that the Utah Supreme Court requires under Rule 41 to evaluate whether to answer the question in the first place.  Plaintiff's submission is therefore improper, and should be rejected in favor of Roberts's proposal.

---

[2] Roberts did not waive constitutional analysis by the Utah Supreme Court.  Rather, Roberts correctly directed the Court to binding precedent from the high court that obviated the need for the Court to undertake any additional or independent state constitutional analysis.  *See* Defendant Richard W. Roberts' Reply in Support of His Motion to Dismiss (ECF No. 17) at n.6 (citing *Erie R.R. Co. v. Tompkins*, 304 U.S. 64, 78 (1938) (holding that in a diversity action, the federal court must apply the substantive law from the forum state)).

Respectfully submitted,

   /s/ Linda C. Bailey

| | |
|---|---|
| Brian M. Heberlig (*pro hac vice*) | Troy L. Booher (#9419) |
| Linda C. Bailey (*pro hac vice*) | Zimmerman Jones Booher |
| Steptoe & Johnson LLP | 341 South Main Street, 4th Floor |
| 1330 Connecticut Avenue, N.W. | Salt Lake City, UT 84111 |
| Washington, D.C. 20036 | (801) 924-0200 |
| (202) 429-3000 | tbooher@zjbappeals.com |
| bheberlig@steptoe.com | |
| lbailey@steptoe.com | |

Neil A. Kaplan (#3974)
Shannon K. Zollinger (#12724)
Clyde Snow & Sessions
201 South Main Street, 13th Floor
Salt Lake City, UT 84111-2216
(801) 322-2516
nak@clydesnow.com
skz@clydesnow.com

*Counsel for Richard W. Roberts*

DATED: May 22, 2017

**CERTIFICATE OF SERVICE**

I hereby certify that on May 22, 2017, I electronically filed DEFENDANT'S RESPONSE TO PLAINTIFF'S PROPOSED CERTIFIED QUESTIONS AND RELEVANT FACTS with the Clerk of the United States District Court for the District of Utah by using the Court's CM/ECF system, which sent notification of such filing to the following counsel:

Ross C. Anderson (#0109)
LEWIS HANSEN
The Judge Building
8 East Broadway, Suite 410
Salt Lake City, UT 84111
randerson@lewishansen.com

    /s/ Linda C. Bailey
Linda C. Bailey (*pro hac vice*)
Steptoe & Johnson LLP

*Counsel for Richard W. Roberts*