Ross C. Anderson (#0109)
LEWIS HANSEN
The Judge Building
Eight East Broadway, Suite 410
Salt Lake City, Utah 84111
Telephone: (801) 746-6300
Fax: (801) 746-6301
randerson@lewishansen.com

*Attorney for Terry Mitchell*

---

## IN THE UNITED STATES DISTRICT COURT
## DISTRICT OF UTAH, CENTRAL DIVISION

---

| | |
|---|---|
| TERRY MITCHELL,<br><br>              *Plaintiff,*<br><br>v.<br><br>RICHARD WARREN ROBERTS,<br><br>              *Defendant.* | **PLAINTIFF'S MEMORANDUM IN OPPOSITION TO THE FRAMING BY DEFENDANT OF THE PROPOSED QUESTION TO BE CERTIFIED TO THE UTAH SUPREME COURT**<br><br>Case No. 2:16–cv–00843–EJF<br>Magistrate Judge Evelyn J. Furse |

This Court has found "certification of the state law questions presented by this case to the Utah Supreme Court pursuant to Rule 41 of the Utah Rules of Appellate Procedure [is] appropriate." (Memorandum Decision and Order to Submit Proposed Question for Certification (ECF No. 29) ("Court's Order"), at 1.) Those questions relate to "whether the legislature may expressly revive time-barred claims." (*Id.*)

The Court's Order clearly describes the issues and procedural posture. The Court did not request counsel for the parties to re-write what the Court has already drafted. Rather, the Court simply "ORDER[ED] the parties to file a proposed 'question [or questions] of law to be answered' by the Utah Supreme Court" and to "submit either a stipulated question(s) or individual proposed questions . . . ." (*Id.* at 3.) Because counsel for the parties did not reach agreement regarding the

framing of the question[s], they each submitted their own proposals. (Defendant's Proposed Certified Question and Relevant Facts (ECF No. 32) ("Defendant's Proposed Question and Facts") and Plaintiff's Proposed Certified Questions and Relevant Facts (ECF No. 33) ("Plaintiff's Proposed Questions and Facts."))

However, counsel for Defendant Richard W. Roberts ("Roberts") also submitted a proposed statement of "Relevant Facts." (Defendant's Proposed Question and Facts (ECF No. 32), at 2–3.)  Hence, although counsel for Plaintiff Terry Mitchell ("Mitchell") noted that "only the proposed question(s) to be certified were requested by the Court" (Plaintiff's Proposed Questions and Facts (ECF no. 33), at 2), a statement of "Relevant Facts" (mostly repeated from the Court's Order) was proffered by Mitchell "[i]f the Court seeks a proposed statement of facts." (*Id.*)

Mitchell, through her counsel, respectfully opposes the framing by Roberts's counsel of the question to be certified, as well as the manner in which the "relevant facts" have been presented, in Defendant's Proposed Question and Facts and urges the Court to submit the Proposed Request Addressed to the Utah Supreme Court to Answer Certified Questions of Utah Law (ECF no. 33–1) ("Mitchell's Proposed Request"), submitted by Mitchell.

### THE PROPOSED CERTIFIED QUESTIONS

Mitchell has proposed that the Court certify the following questions to the Utah Supreme Court:

> If a statute enacted by the Utah Legislature is constitutional, can it be rendered without effect by the courts because the statute enlarges, eliminates, or destroys vested or contractual rights?

> Can Utah Code section 78B–2–308 revive claims for child sexual abuse when the claims were barred by the previously applicable statute of limitations as of July 1,

2016, and the Utah Legislature expressed its intention in enacting section 78B-2-308 that such time-barred claims be revived for a period of time?[1]

Roberts has sought to frame the certified question as follows:

Under Utah law (constitutional, statutory, and common law), can Utah Code § 78B-2-308 extinguish the defense of an expired statute of limitations for claims that were expired under Utah law prior to the date of enactment of Utah Code § 78B-2-308?[2]

Mitchell objects to Roberts's proposed framing of the question for the following reasons:

1.      The most fundamental question here is whether the courts can disregard or judicially repeal a statute that is constitutional. That core question, which is one of two questions proposed by Mitchell to be certified (Plaintiff's Proposed Questions and Facts (ECF No. 33), at 1; Mitchell's Proposed Request (ECF No. 33–1), at 7), points to the most significant issue posed here in the inquiry being made of the Utah Supreme Court. However, Roberts seeks to avoid that most fundamental question altogether.

In *State v. Apotex Corp.*, 2012 UT 36, 282 P.3d 66, it might appear that, regardless of the constitutionality of a statute, there is some black-letter, court-made rule that a legislature cannot revive time-barred claims, even if there is expressed legislative intent that such claims are to be revived. *Id.* ¶ 64 ("[O]nce a cause of action expires, it may not be revived by statutory enactment"). However, there has never been, and could not be—in a constitutional republic with a system of checks and balances and separation of powers—such a court-made rule.

"[I]f a challenged [statute] does not violate the Constitution, it must be sustained." *I.N.S. v. Chadha*, 462 U.S. 919, 944 (1983). "Once the meaning of an enactment is discerned and its

_____

[1] Plaintiff's Proposed Questions and Facts (ECF no. 33), at 1, and Mitchell's Proposed Request (ECF No. 33–1), at 7.
[2] Defendant's Proposed Question and Facts (ECF No. 32), at 2.

constitutionality determined, the judicial process comes to an end." *Tennessee Valley Authority v. Hill*, 437 U.S. 153, 194–95 (1978). "Legislators alone are charged with the exercise of the essential powers inherent in the very concept of the legislative branch—the power to vote on proposed laws." *In re Young*, 1999 UT 6, ¶ 9, 976 P.2d 581 (citations omitted). *See also Rampton v. Barlow*, 464 P.2d 378, 381 (Utah 1970) ("Legislative power . . . is the authority to make laws." (inside quotations marks and citations omitted)).

Roberts has not challenged the constitutionality of Utah Code section 78B-2-308 (the "Revival Statute"), nor has he filed a notice of constitutional question or served a notice and paper stating a question regarding the constitutionality of the Revival Statute on the Utah Attorney General, as required by Rule 5.1(a)(1) and (2), Fed. R. Civ. P. of any party challenging the constitutionality of a state statute. Hence, there being no question about the constitutionality of the Revival Statute, there can be no question about the duty of the courts to give effect to the statute according to its terms and the expressed intent of the Utah Legislature.

For that reason, the statement in *Apotex* regarding statutes reviving claims previously barred by a statute of limitations is not, and cannot be, the law. Clarification by the Utah Supreme Court of the statement in *Apotex* is desirable and most appropriate in light of (1) the statutory rule set forth in Utah Code section 68–3–3;[3] (2) the limitations on the judicial branch in a constitutional republic; (3) Article V, Section 1 of the Utah Constitution;[4] and (4) precedents for over a century

---

[3] Utah Code section 68–3–3 provides as follows:

> A provision of the Utah Code is not retroactive, *unless the provision is expressly declared to be retroactive*. (Emphasis added).

[4] Article V, Section 1 of the Utah Constitution provides as follows:

> The powers of the government of the State of Utah shall be divided into three distinct departments, the Legislative, the Executive, and the Judicial; and no person charged with

in Utah and elsewhere, as well as decisions of both Utah appellate courts since *Apotex* was decided,

holding that, even if a "vested" or "substantive" right is created, diminished, or eliminated, a statute

must be given retroactive effect if that is the expressed intent of the legislature.[5]

    2.  Although Roberts has not challenged the constitutionality of the Revival Statute, he is

---

the exercise of powers properly belonging to one of these departments, shall exercise any functions appertaining to either of the others, except in the cases herein expressly directed or permitted.

[5] *Waddoups v. Noorda*, 2013 UT 64, ¶¶ 6, 8, 321 P.3d 1108 (holding that even where "vested or contractual rights" are enlarged, eliminated, or destroyed, retroactive effect is to be given a statute if the Legislature expressly declares the statute is to be retroactive); *Madsen v. Borthick*, 769 P.2d 245, 253 (Utah 1988) ("[A] legislative enactment which alters the substantive law or affects vested rights will not be read to operate retrospectively *unless the legislature has clearly expressed that intention*." (emphasis added)); *Evans & Sutherland Computer Corp. v. Utah State Tax Comm'n*, 953 P.2d 435, 437–38 (Utah 1998) ("The intent to have a statute operate retroactively may be indicated by explicit statements that the statute should be applied retroactively . . . or by clear and unavoidable implication that the statute operates on events already past."); *Brown & Root Indus. Serv. v. Indus. Comm'n*, 947 P.2d 671, 675 (Utah 1997); *Roark v. Crabtree*, 893 P.2d 1058, 1061 (Utah 1995) ("It is a long-standing rule of statutory construction that a legislative enactment which alters the substantive law or affects vested rights will not be read to operate retrospectively *unless the legislature has clearly expressed that intention*." (emphasis added)); *Union Pac. R. Co. v. Trustees, Inc.*, 329 P.2d 398, 399 (Utah 1958); *McCarrey v. Utah State Teachers' Retirement Bd.*, 177 P.2d 725, 726 (Utah 1947) ("The question whether a statute operates retrospectively, or prospectively only, is one of legislative intent." (inside quotation marks and citation omitted)); *In re Ingraham's Estate*, 148 P.2d 340, 341 (Utah 1944) ("[S]tatutes . . . should operate prospectively only, unless the words employed show a clear intention that they should have a retroactive effect." (citation omitted)); *Ireland v. Mackintosh*, 22 Utah 296, 61 P. 901, 902 (1900) ("[T]he object which the statute was passed to attain should be kept in view, and the construction which will most effectually accomplish the purpose of the statute should be adopted."); *Farrell v. Pingree*, 5 Utah 443 16 P. 843, 845 (1888) ("[I]t is a sound rule of construction that a statute should have a prospective operation, *unless its terms show clearly a legislative intention that it should operate retrospectively*." (emphasis added) (citation omitted)); *Wasatch County v. Okelberry*, 2015 UT App 192, ¶ 17, 357 P.3d 586 ("an amendment applies retroactively if 'the provision is expressly declared to be retroactive'" (citing Utah Code Ann. § 68–3–3)). *See also Sheehan v. Oblates of St. Francis De Sales*, 15 A.3d 1247, 1259 (Del. 2011) (upholding statutory revival of previously time-barred claims of child sexual abuse and stating "we do not sit as an überlegislature to eviscerate proper legislative enactments").

now seeking to boot-strap through the certification process some undescribed, unasserted constitutional claim in his redundant framing: "Under Utah law (*constitutional*, statutory, and common law) . . . ."[6]

The constitutionality of the Revival Statute has never been at issue and should not be included in any certified question, particularly when the question has never been before this Court.

3.     The question certified to the Utah Supreme Court should be phrased in terms of the revival of a claim of child sexual abuse, not in terms of the extinguishment of a statute of limitations defense. The statute was explicitly aimed at providing a "window" to "revive" claims of child sexual abuse. One of the sponsors of the bill, Representative Ken Ivory, stated as follows:

> This year we intend with HB 279 to move into the "good" category nationally in how we protect children from this heinous act of the sexual abuse of children.
>
> *                         *                         *
>
> What we've seen throughout the nation, we've seen states opening what they call "windows," reviving the statute of limitations for these claims for a specific reason. What we've learned scientifically that we didn't know is that it takes decades for victims of sexual abuse of children to be able to process the shame, the embarrassment, the intimidation, the threats that were imposed upon them as children to be able to process and come forward and disclose the claim.
>
> *                         *                         *
>
> [S]cientifically we know that, on average—you have the handouts—on average, it takes them until age 41 for a child victim of sexual abuse to come forward and present . . . .
>
> So what HB 279 does, is, where we've already eliminated the statute of limitations going forward, we now deal with those who have been abused, that were older than 22 on March 23, and we put the statute of limitations of 18 plus 35 years that takes them out past the average age for reporting and allows them to revive their civil statute of limitations claims only against the perpetrator and only against the active aiders and abettors. . . .
>
> *                         *                         *
>
> This doesn't change anything in the liability, it doesn't change anything in the burdens of proof. What it does is take away a procedural defense for someone who has perpetrated these acts on children. In weighing that balance is clearly a matter of public policy in Utah. I think we want to err on the side of protecting children where a defendant may have a right procedurally for a claim that has lapsed. We

---

[6] Defendant's Proposed Question and Facts (ECF No. 32), at 2 (emphasis added).

have the opportunity to get our public policy right, and that's the basis behind H.B. 279, Mr. Speaker Pro Tem. . . . [7]

Those comments were consistent with the text of the statute, which expresses the intent of the Utah Legislature to apply House Bill 279, Substitute 2 (General Session 2016) retroactively as clearly as any statute has ever expressed legislative intent. In fact, the *only* application and reason for House Bill 279 was to revive causes of action for child sexual abuse that were previously time-barred, giving retroactive application to the protections of the amendment to Utah Code section 78B-2-308.  The amendment reads, in part, as follows:

(1) The Legislature finds that:
    (a) child sexual abuse is a crime that hurts the most vulnerable in our society and destroys lives;
    (b) research over the last 30 years has shown that it takes decades for children and adults to pull their lives back together and find the strength to face what happened to them; . . . .

            *                  *                  *

    (e) in 1992, when the Legislature enacted the statute of limitations requiring victims to sue within four years of majority, society did not understand the long-lasting effects of abuse on the victim and that it takes decades for the healing necessary for a victim to seek redress;
    (f) the Legislature, as the policy-maker for the state, may take into consideration advances in medical science and understanding in revisiting policies and laws shown to be harmful to the citizens of this state rather than beneficial; and
    (g) the Legislature has the authority to change old laws in the face of new information, and set new policies within the limits of due process, fairness, and justice.

            *                  *                  *

 (7) A civil action against a person listed in Subsection (6)(a) or (b) for sexual abuse that was time barred as of July 1, 2016, may be brought within 35 years of the victim's 18th birthday, or within three years of the effective date of this Subsection (7), whichever is longer.

---

[7] The House Floor Debate on February 26, 2016, on House Bill 279 (Substitute 2) can be viewed and heard by clicking on "HB279S2" on the left column on the page found at http://utahlegislature.granicus.com/MediaPlayer.php?clip_id=19980&meta_id=622136.   A transcript of that House Floor Debate is attached as Exhibit "1" to the Declaration of Linda Nelford, attached as Appendix "C" to Plaintiff's Memorandum in Opposition to Motion to Dismiss (ECF No. 12–4).

Even the title of Utah Code section 78B–2–308 makes clear the intention of the Utah Legislature, which cannot be frustrated by the courts: "Window for revival of time barred claims." A certified question should confront head-on the statement in *Apotex* about the ability of the Utah Legislature to do exactly what it did in enacting House Bill 279.

## THE PROPOSED STATEMENT OF RELEVANT FACTS

As noted above, the Court did not request the parties to submit a statement of relevant facts. However, inasmuch as Roberts has submitted a proposed statement, Mitchell has submitted Mitchell's Proposed Request (ECF No. 33–1), which substantially incorporates, from the first full paragraph on page 4 to the end of the last full paragraph on page 5 of Mitchell's Proposed Request, what the Court wrote in the Court's Order (ECF No. 29). Mitchell has appropriately added to Mitchell's Proposed Request some factual background concerning the nature of Mitchell's claims and a description of Utah Code section 78B–2–308, as amended by House Bill 279 (General Session 2016) (Mitchell's Proposed Request, at 1–4), as well as a description of the significance of the question regarding whether the courts can—as appears to have been done in *Apotex*—refuse to apply retroactively a statute with respect to which the legislature expressed its intent that it be applied retroactively. (Mitchell's Proposed Request, at 6.)

Roberts, on the other hand, has ignored in Defendant's Proposed Question and Facts  what the Court drafted in the Court's Order. He also mischaracterizes Mitchell's claims. For instance, he states only that "Mitchell alleges that Roberts raped Mitchell" (Defendant's Proposed Question and Facts, at 2), as if that is the entirety of Mitchell's claims against Roberts. Mitchell has alleged far more than rape against Roberts. (*See, e.g.*, Complaint (ECF No. 2), at ¶¶ 15–24, 26, 28–29, 31–32, 35, 38–40, 45, 52–56, 65–66, 71–75.)

Finally, Roberts minimizes and mischaracterizes Mitchell's positions regarding the effect to be given by the courts to the Revival Statute. Mitchell does not simply argue that "rules of statutory construction" "compel Utah courts to give effect to the legislature's express intent that a law extending a statute of limitations apply retroactively," as Roberts describes. (Defendant's Proposed Question and Facts, at 3.) Rather, Mitchell has consistently argued that (1) Utah Code section 68–3–3, (2) Utah case law for over a century, (3) the Utah Constitution, Art. V, § 1, and (4) the very nature of a constitutional republic with a system of checks and balances *all* compel the courts to give effect to the legislature's expressed intent that a statute be applied retroactively, even if "vested" or "substantive" rights are enlarged, diminished, or eliminated. (*See* Plaintiff's Memorandum in Opposition to Motion to Dismiss (ECF No. 12), at 1 ("That is a call for an unconstitutional judicial veto of legislation completely at odds with the separation of powers among the three branches of government and the system of checks and balances underlying a constitutional republic."), 2 ("Such judicial disregard of the Utah Legislature's intent would reflect an astounding expansion of the exercise of judicial review, in which this Court would be substituting its view of the wisdom of legislation for that of the legislative branch."), 3–11, 16–18.)

## CONCLUSION

The constitutionality of the Revival Statute has never been raised by Roberts in this action and is not a proper subject for certification of questions of state law to the Utah Supreme Court. Rather, the core questions here relate to (1) the application, if any, of the statement in *Apotex* that legislation cannot revive a cause of action previously time-barred to the Revival Statute, which was expressly enacted by the Utah Legislature in order to retroactively extend the statute of limitations and (2) the authority of the courts to create a rule, as expressed in *Apotex*, that conflicts

with the expressed intention of the legislature that a statute shall revive claims for child sexual abuse that would otherwise be time-barred by the prior statute of limitations. The framing by Roberts of the question(s) to be certified to the Utah Supreme Court does not appropriately state the two fundamental questions this Court is certifying, and the framing by Roberts of the "relevant facts" is woefully incomplete and misleading. Mitchell urges this Court to submit to the Utah Supreme Court Mitchell's Proposed Request (ECF No. 33–1).

Dated this 22nd day of May, 2017:

/s/ Ross C. Anderson
Ross C. Anderson
*Counsel for Terry Mitchell*