IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERRY MITCHELL,<br><br>　　　　　　Plaintiff,<br><br>v.<br><br>RICHARD WARREN ROBERTS,<br><br>　　　　　　Defendant. | **ORDER OF CERTIFICATION TO UTAH SUPREME COURT**<br><br>Case No.  2:16-cv-00843-EJF<br><br>Magistrate Judge Evelyn J. Furse |

　　　Defendant Richard W. Roberts filed a Motion to Dismiss this case based on a statute of limitations defense.  (Def. Richard W. Roberts' Mot. to Dismiss the Compl., ECF No. 9.) This Court found that Utah law regarding retroactive operation of statutes remains unclear in light of possibly conflicting statements in State v. Apotex Corp., 2012 UT 36, ¶63-67, 282 P.3d 66, and Waddoups v. Noorda, 2013 UT 64, ¶ 8, 321 P.3d 1108, as further explained in the attached Memorandum Decision and Order to Submit Proposed Question for Certification, April 21, 2017.  To clarify the existing law, the  Court hereby CERTIFIES, under Rule 41 of the Utah Rules of Appellate Procedure, the following questions to the Utah Supreme Court:

1. Can the Utah Legislature expressly revive time-barred claims through a statute?

2. Specifically, does the language of Utah Code section 78B–2–308(7), expressly reviving claims for child sexual abuse that were barred by the previously applicable statute of limitations as of July 1, 2016, make

1

unnecessary the analysis of whether the change enlarges or eliminates vested rights?

The Court ORDERS the Clerk of the United States District Court to transmit a copy of this certification to the parties and shall submit to the Utah Supreme Court a certified copy of this certification. Should the Utah Supreme Court determine that it requires any portion of the record, this Court orders the Clerk of the United States District Court to transmit the requested documents.

DATED this 1st day of June, 2017.

BY THE COURT:

_____
EVELYN J. FURSE
United States Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF UTAH, CENTRAL DIVISION

| | |
|---|---|
| TERRY MITCHELL,<br><br>                Plaintiff,<br><br>v.<br><br>RICHARD WARREN ROBERTS,<br><br>                Defendant. | **MEMORANDUM DECISION AND ORDER TO SUBMIT PROPOSED QUESTION FOR CERTIFICATION**<br><br>Case No. 2:16-cv-00843-EJF<br><br>Magistrate Judge Evelyn J. Furse |

Defendant Richard Warren Roberts moves the Court[1] to dismiss Plaintiff Terry Mitchell's Complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim upon which this Court can grant relief. (Def. Richard W. Roberts' Mot. to Dismiss the Compl. ("Mot."), ECF No. 9.) Mr. Roberts argues the statute of limitations bars Ms. Mitchell's claims. (Mot. 2, ECF No. 9.) Ms. Mitchell maintains Utah Code section 78B-2-308 as amended on May 10, 2016 revives her time-barred claims. (Pl.'s Mem. in Opp'n to Mot. to Dismiss ("Opp'n") 2, ECF No. 12.) Having reviewed the parties' briefing on Mr. Roberts's Motion to Dismiss, the Court concludes Utah law remains unclear as to whether the legislature may expressly revive time-barred claims. Accordingly, this Court finds certification of the state law questions presented by this case to the Utah Supreme Court pursuant to Rule 41 of the Utah Rules of Appellate Procedure appropriate.

---

[1] The parties have consented to proceed before the undersigned Magistrate Judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (ECF No. 22.)

1

Mr. Roberts cites *State v. Apotex Corp.*, 2012 UT 36, 282 P.3d 66, for the proposition that the legislature cannot expressly revive time-barred claims. (Mot. 10, ECF No. 9.) However, in *Apotex*, the Utah Supreme Court did not address whether the statute in question contained an express declaration of retroactivity, despite the State's raising the issue. 2012 UT 36, ¶¶ 63–67.

Historically, Utah courts have considered "[t]wo rules of statutory construction . . . relevant to" retroactive operation. *Evans & Sutherland Computer Corp. v. Utah State Tax Comm'n*, 953 P.2d 435, 437 (Utah 1997). "One is the 'long-standing rule of statutory construction that a legislative enactment which alters the substantive law . . . will not be read to operate retrospectively unless the legislature has clearly expressed that intention.'" *Id.* (quoting *Madsen v. Borthick*, 769 P.2d 245, 253 (Utah 1998)). "The second relevant rule of statutory construction, which is often referred to as an exception to the first, permits retroactive application 'where a statute changes only procedural law by providing a different mode or form of procedure for enforcing substantive rights' without enlarging or eliminating vested rights.'" *Id.* at 437–38 (quoting *Roark v. Crabtree*, 893 P.2d 1058, 1062 (Utah 1995)). "Traditionally, [the Utah Supreme Court has] begun [its] analysis by applying the first rule of statutory construction: Only when [it] conclude[s] that retroactive application is not permitted under that rule do[es] [it] consider whether the second rule of construction permits retroactive operation." *Id.* at 438.

Whether the *Apotex* decision abrogated the two-part test or merely skipped the first part of the test because the statute in question did not necessarily include a clear statement of retroactivity remains unclear. Because Utah Code section 78B-2-308(7) expressly authorizes retroactive application, the first part of the traditional test would apply, and the Court would not consider whether the retroactive application affects vested rights. Therefore, whether the Utah

2

Supreme Court intended to abandon the first part of the test becomes central to the determination of this case.

Further, the Utah Supreme Court reiterated the two-part test one year after *Apotex* in *Waddoups v. Noorda*, 2013 UT 64, 321 P.3d 1108, making the effect of *Apotex* on the two-part test even more in doubt. In *Waddoups*, the court states that "[l]aws that 'enlarge, eliminate, or destroy vested or contractual rights' are substantive and are barred from retroactive application absent express legislative intent." 2013 UT 64, ¶ 8, (quoting *Brown & Root Indus. Serv. v. Indus. Comm'n*, 947 P.2d 671, 675 (Utah 1997)). However, the Utah Supreme Court did not apply the first part of the traditional test because the statute at issue did not expressly address retroactivity. *Id.* ¶¶ 9–10. Thus, the statement of the first part of the test remains dicta. Further, the court never mentions *Apotex*. Accordingly, this Court finds the applicable state of the law uncertain.

Under Utah Rule of Appellate Procedure 41(a), "[t]he Utah Supreme Court may answer a question of Utah law certified to it by a court of the United States . . . if the state of the law of Utah applicable to a proceeding before the certifying court is uncertain." The Court ORDERS the parties to file a proposed "question [or questions] of law to be answered" by the Utah Supreme Court. Utah R. App. P. 41(c)(1)(A). The parties shall submit either a stipulated question(s) or individual proposed questions within fourteen (14) days from the date of this Order. Within fourteen (14) days from the date of that filing, counsel should file any opposition to the framing of the proposed question or questions filed by opposing counsel if the parties cannot reach a stipulation.

\*

\*

\*

DATED this 21st day of April, 2017.

       BY THE COURT:

       _____
       EVELYN J. FURSE
       United States Magistrate Judge