UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
CENTRAL DIVISION

| | |
|---|---|
| TERRY MITCHELL,<br><br>Plaintiff,<br><br>v.<br><br>RICHARD WARREN ROBERTS,<br><br>Defendant. | **ORDER DISMISSING CASE WITH PREJUDICE**<br><br>Case No. 2:16-cv-00843-DAO<br><br>Magistrate Judge Daphne A. Oberg |

Before the court[1] are Defendant Richard W. Roberts' Motion to Reopen the Pending Motion to Dismiss the Complaint ("Mot. to Reopen," Doc. No. 45) and Plaintiff Terry Mitchell's Motion to Dismiss Without Prejudice ("Pl.'s Mot. to Dismiss," Doc. No. 46).

Mr. Roberts seeks to reopen his Motion to Dismiss (Doc. No. 9) filed in 2016, which sought dismissal with prejudice on the basis that Ms. Mitchell's claims were time-barred by the applicable Utah statute of limitations. (Def. Richard W. Roberts' Mot. to Dismiss the Compl. ("Def.'s Mot. to Dismiss") 1–2, Doc. No. 9.) Ms. Mitchell opposed the motion to dismiss, arguing new Utah legislation revived previously time-barred claims of sexual abuse. (Pl.'s Mem. in Opp'n to Mot. to Dismiss 1–2, Doc. No. 12.) After the motion to dismiss was fully briefed, this court certified questions to the Utah Supreme Court regarding the Utah legislature's authority to revive time-barred claims through a statute. (Order of Certification to Utah Supreme Court, Doc. No. 37.) In 2020, the Utah Supreme Court held "the Utah Legislature is constitutionally prohibited from retroactively reviving a time-barred claim in a manner depriving

---

[1] The parties consent to proceed before a magistrate judge in accordance with 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73. (Doc. No. 16.)

1

a defendant of a vested statute of limitations defense." *Mitchell v. Roberts*, 2020 UT 34, ¶ 5, 469 P.3d 901, 903.

Based on this decision, Mr. Roberts asks this court to reopen his motion to dismiss and to dismiss Ms. Mitchell's claims with prejudice. (Mot. to Reopen 1–3, 13, Doc. No. 45.) Ms. Mitchell, on the other hand, seeks leave to voluntarily to dismiss her claims without prejudice under Rule 41(a)(2) of the Federal Rules of Civil Procedure, arguing she should not be foreclosed from pursuing her claims if the Utah constitution is amended to permit legislative revival of time-barred claims. (Pl.'s Mot. to Dismiss 1, Doc. No. 46.)

For the reasons set forth below, the court GRANTS Mr. Roberts' Motion to Reopen the Pending Motion to Dismiss the Complaint (Doc. No. 45); reopens and GRANTS Mr. Roberts' Motion to Dismiss (Doc. No. 9); DENIES Ms. Mitchell's Motion to Dismiss Without Prejudice (Doc. No. 46); and DISMISSES this action with prejudice.

## BACKGROUND AND PROCEDURAL HISTORY

In 2016, the Utah legislature passed H.B. 279, amending the statute of limitations at Utah Code section 78B-2-308 to create a window for the revival of time-barred civil claims against perpetrators of sexual abuse of a child. 2016 Utah H.B. 279, https://le.utah.gov/~2016/bills/static/HB0279.html; Utah Code § 78B-2-308 ("Revival Statute"). H.B. 279 was signed into law on March 29, 2016, with an effective date of May 10, 2016. 2016 Utah H.B. 279.

On March 16, 2016, before the Revival Statute was enacted, Ms. Mitchell filed an action against Mr. Roberts, claiming Mr. Roberts sexually assaulted her in 1981 when he was a prosecutor and she was a sixteen-year-old witness in a murder case. (Compl., Doc. No. 2, *Mitchell v. Roberts*, Case No. 2:16-cv-00218-JNP ("Prior Action").) Mr. Roberts moved to

2

dismiss the prior action with prejudice, arguing, among other things, that most of Ms. Mitchell's claims were time-barred by the applicable statutes of limitations. (Doc. No. 12, Prior Action.) After the Revival Statute was enacted, and before a ruling on the motion to dismiss, Ms. Mitchell voluntarily dismissed the case. (Doc. No. 17, Prior Action.)

Ms. Mitchell then filed her complaint in this action on July 29, 2016, asserting many of the same claims against Mr. Roberts.[2] (Compl., Doc. No. 2.) Mr. Roberts again moved to dismiss the complaint with prejudice, arguing the claims were time-barred and, under Utah case law, the defense of an expired statute of limitations was a vested right which subsequent legislation could not divest. (Def.'s Mot. to Dismiss 1–2, 4–5, Doc. No. 9.) Ms. Mitchell opposed the motion to dismiss, arguing the Revival Statute validly revived her previously time-barred claims. (Pl.'s Mem. in Opp'n to Mot. to Dismiss 1–2, Doc. No. 12.) In June 2017, after the motion to dismiss was fully briefed, this court certified questions to the Utah Supreme Court regarding the Utah legislature's authority to revive time-barred claims. (Order of Certification to Utah Supreme Court, Doc. No. 37.) This case was administratively closed on August 13, 2019, pending an opinion from the Utah Supreme Court. (Order to Administratively Close Case, Doc. No. 42.)

The Utah Supreme Court issued its opinion on the certified questions on June 11, 2020, holding the Utah constitution prohibited the Utah legislature from "retroactively reviving a time-barred claim in a manner depriving a defendant of a vested statute of limitations defense." *Mitchell*, 2020 UT 34, ¶ 5, 469 P.3d at 903. The court noted "[t]he people of Utah retain the

---

[2] Claims one through four (assault, battery, intentional infliction of emotional distress, and negligent infliction of emotional distress) are the same as in the prior action. Claim five (false imprisonment) has replaced her prior claim of sexual abuse of a child. (*Compare* Compl., Doc. No. 2, *with* Compl., Doc. No. 2, Prior Action.)

3

power to amend the Utah Constitution to alter the legislature's authority in this area if they see fit. But the document as it stands (and as originally understood) forecloses the legislature's power to enact legislation that retroactively vitiates a ripened statute of limitations defense." *Id.* ¶ 9.

Shortly thereafter, Mr. Roberts moved to reopen his motion to dismiss, and Ms. Mitchell moved to voluntarily dismiss the case without prejudice. (Mot. to Reopen, Doc. No. 45; Pl.'s Mot. to Dismiss, Doc. No. 46.)

## DISCUSSION

Based on the Utah Supreme Court's opinion on the certified questions in this case, the parties agree the statute of limitations on Ms. Mitchell's claims has expired and this action should be dismissed. The only dispute is whether the action should be dismissed with prejudice, as Mr. Roberts seeks, or without prejudice, as Ms. Mitchell seeks.

Rule 41(a)(2) of the Federal Rules of Civil Procedure permits a court to dismiss an action without prejudice at a plaintiff's request "on terms that the court considers proper."[3] Fed. R. Civ. P. 41(a)(2). "The rule is designed primarily to prevent voluntary dismissals which unfairly affect the other side, and to permit the imposition of curative conditions." *Brown v. Baeke*, 413 F.3d 1121, 1123 (10th Cir. 2005) (quoting *Phillips USA, Inc. v. Allflex USA, Inc.*, 77 F.3d 354, 357 (10th Cir. 1996)). "[A]bsent 'legal prejudice' to the defendant, the district court normally

---

[3] If no answer or motion for summary judgment has been filed, as is the case here, Rule 41(a)(1) allows a plaintiff to dismiss an action without a court order simply by filing a notice of dismissal. Fed. R. Civ. P. 41(a)(1)(A)(i). Ordinarily a voluntary dismissal under this provision is without prejudice, but if the plaintiff previously dismissed an action based on the same claim, it "operates as an adjudication on the merits." Fed. R. Civ. P. 41(a)(1)(B). Because Ms. Mitchell voluntarily dismissed her prior action based on the same claims in order to refile it after the Revival Statute was enacted, she must now seek the court's leave to dismiss this action without prejudice. For this reason, she filed her motion to dismiss pursuant to Rule 41(a)(2). (*See* Reply Mem. in Support of Pl.'s Mot. to Dismiss Without Prejudice ("Pl.'s Reply") 3–4, Doc. No. 51.)

should grant such a dismissal." *Id.* (quoting *Ohlander v. Larson*, 114 F.3d 1531, 1537 (10th Cir. 1997)).

Legal prejudice does not arise merely because a second action may be filed against the defendant. *Id.* (citing *Am. Nat'l Bank & Trust Co. v. BIC Corp.*, 931 F.2d 1411, 1412 (10th Cir. 1991)). Rather, the court should consider "practical factors including: the opposing party's effort and expense in preparing for trial; excessive delay and lack of diligence on the part of the movant; insufficient explanation of the need for a dismissal; and the present stage of litigation." *Id.* at 1124 (internal quotation marks omitted). "These factors are neither exhaustive nor conclusive; the court should be sensitive to other considerations unique to the circumstances of each case." *Id.* Additionally, the "court should endeavor to insure substantial justice is accorded to both parties, and therefore the court must consider the equities not only facing the defendant, but also those facing the plaintiff." *Id.* (internal quotation marks omitted).

Ms. Mitchell argues she should not be foreclosed from pursuing her claims if the Utah constitution is amended to permit legislative revival of time-barred claims.[4] (Pl.'s Mot. to Dismiss 1, 4, Doc. No. 46.) She asserts dismissal without prejudice would not contravene the Utah Supreme Court's opinion because it expressly acknowledged the possibility of a constitutional amendment. (*Id.* at 4.) She argues denying her the opportunity to pursue her claims in that circumstance would unfairly punish her for advocating for the validity of the Revival Statute in this case, because other victims who did not yet sue would still be able to

---

[4] In her motion, Ms. Mitchell also argued she should not be foreclosed from pursuing her claims if the Utah Supreme Court reversed its opinion, and indicated she had filed a petition for rehearing. (Pl.'s Mot. to Dismiss 1, 4, Doc. No. 46.) However, the Utah Supreme Court later denied rehearing in an order dated July 13, 2020. (*See* Order, *Mitchell v. Roberts*, Appellate Case No. 20170447-SC (Utah Supreme Court), Doc. No. 52-1.) Ms. Mitchell did not pursue this argument in her reply, instead arguing she should only be permitted to refile her claims if the Utah constitution is amended. (*See* Pl.'s Reply 12, Doc. No. 51.)

5

proceed with their claims. (*Id.* at 4–5, 11; Pl.'s Reply Mem. in Support of Pl.'s Mot. to Dismiss Without Prejudice ("Pl.'s Reply") 10, Doc. No. 51.) She further contends the mere loss of a statute of limitations defense does not constitute legal prejudice, and the factors set forth above weigh in favor of dismissal without prejudice. (Pl.'s Mot. to Dismiss 6–10, Doc. No. 46.)

Mr. Roberts contends he will suffer legal prejudice if the case is dismissed without prejudice because this would strip him of his vested right to a valid statute of limitations defense. (Def. Richard W. Roberts' Opp'n to Pl.'s Mot. to Dismiss Without Prejudice ("Opp'n to Pl.'s Mot. to Dismiss") 7–9, Doc. No. 49.) He argues this outcome would contravene the Utah Supreme Court's opinion which answered the certified questions in his favor. (*Id.* at 4–7.) He also asserts Ms. Mitchell should not be permitted to use voluntary dismissal to avoid an adverse ruling on his pending motion to dismiss. (*Id.* at 7.)

The court first addresses the Tenth Circuit's list of factors to be considered on a Rule 41(a)(2) motion to dismiss, then turns to whether the loss of a statute of limitations defense constitutes legal prejudice, and other equitable considerations.

### A. Effort and Expense in Preparing for Trial and Present Stage of Litigation

Although this case was filed in 2016, procedurally, it is still in an early stage of litigation. Mr. Roberts has not filed an answer, no discovery has taken place, no motions for summary judgment have been filed, and no trial has been set. Presumably, Mr. Roberts has not undertaken any effort or expense in preparing for trial. Nevertheless, Mr. Roberts asserts he has incurred significant expense in briefing the motion to dismiss and litigating the certified questions before the Utah Supreme Court. (Opp'n to Pl.'s Mot. to Dismiss 10, Doc. No. 49.) In a similar case in the Sixth Circuit, this type of effort and expense contributed to the court's finding of clear legal prejudice. *See Grover by Grover v. Eli Lilly & Co.*, 33 F.3d 716, 718 (6th Cir. 1994). However,

while the certification process has undoubtedly required effort and expense by Mr. Roberts, this process is unlikely to be repeated if the case is refiled. Any future action would not require duplication of efforts already undertaken in this case. And because no discovery or trial preparation has occurred, no duplication of effort in those phases would be required. *See Baeke*, 413 F.3d at 1124, 1126 (legal prejudice under the "effort and expense" factor was mitigated by the court's imposition of conditions to avoid redundancy of effort should the case be refiled). Considered in totality, these factors are neutral; they neither weigh in favor of nor against dismissal without prejudice.

### B. Excessive Delay and Lack of Diligence

The primary cause of delay since the filing of this case in 2016 was the Utah Supreme Court's consideration of the certified questions. Mr. Roberts suggests Ms. Mitchell is responsible for this delay because she requested certification and he opposed it. (Opp'n to Pl.'s Mot. to Dismiss 11, Doc. No. 46.) He also argues the fact that she filed this action thirty-five years after the underlying events constitutes excessive delay. (*Id.* at 11–12.)

Although the certification process was time-consuming, Ms. Mitchell's request for certification was reasonable given the legal issues presented by the motion to dismiss, and the certified questions were ultimately answered in Mr. Roberts' favor. Mr. Roberts does not allege Ms. Mitchell caused delay or lacked diligence in litigating the issues before the Utah Supreme Court. As to the thirty-five-year delay in filing the action, Ms. Mitchell reasonably relied on new Utah legislation purporting to revive her time-barred claims. Under these circumstances, neither her request for certification nor her timing in filing this action justify a finding of excessive delay or lack of diligence. This factor weighs in favor of dismissal without prejudice.

7

C. **Explanation of the Need for Dismissal**

Ms. Mitchell concedes her claims are time-barred based on the Utah Supreme Court's ruling on the certified questions. Because her claims cannot proceed under the law, the need for dismissal is clear. Ms. Mitchell offers a cogent argument for seeking dismissal without prejudice, asserting she should not be foreclosed from pursuing her claims if the Utah constitution is amended, while other victims are allowed to proceed. Although Mr. Roberts disagrees with her argument, Ms. Mitchell has offered an adequate explanation for seeking voluntary dismissal without prejudice. Accordingly, this factor weighs in favor of dismissal without prejudice.

Although two of the three above factors weigh in Ms. Mitchell's favor, they are "neither exhaustive nor conclusive" of whether dismissal without prejudice would cause legal prejudice to Mr. Roberts. *See Baeke*, 413 F.3d at 1124. In particular, they do not address whether the loss of a valid statute of limitations defense constitutes legal prejudice, as Mr. Roberts argues. The court examines this issue and other equitable considerations below.

D. **Loss of Statute of Limitations Defense**

The Tenth Circuit has not addressed whether the loss of a statute of limitations defense constitutes legal prejudice for purposes of evaluating a motion for voluntary dismissal without prejudice under Rule 41(a)(2). Thus, each party relies on cases from other circuits addressing this and similar issues.

Mr. Roberts relies on *Grover by Grover v. Eli Lilly and Company*, 33 F.3d 716, in which the Sixth Circuit reversed a district court's grant of voluntary dismissal without prejudice in two cases. *Id.* at 718–19. The defendant in those cases filed motions for summary judgment, arguing the state of Ohio did not recognize a cause of action for the injuries the plaintiffs alleged. *Id.* at

8

717. The district court certified the issue to the Ohio Supreme Court, which answered the question in the defendant's favor. *Id.* The district court then dismissed the cases without prejudice, noting the plaintiffs wished "to preserve their rights to bring an action within the appropriate statutory period should the Ohio Legislature or the Ohio Supreme Court, at some point in the future," recognize a cause of action for plaintiffs' claims. *Id.* at 717–18. Considering similar factors as those set forth above, the Sixth Circuit concluded the defendant suffered legal prejudice, and criticized the district court's "virtual disregard of the answer received" from the Ohio Supreme Court on the certified question, which established there was no cause of action for the injuries alleged. *Id.* The Sixth Circuit held: "At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice." *Id.* at 719. The court cited with approval *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, 987 (5th Cir. 1989), a Fifth Circuit opinion holding the loss of a valid statute of limitations defense constitutes plain legal prejudice.

Ms. Mitchell, on the other hand, relies on *McCants v. Ford Motor Company*, 781 F.2d 855 (11th Cir. 1986), in which the Eleventh Circuit held that a defendant's loss of a statute of limitations defense did not constitute plain legal prejudice preventing voluntary dismissal without prejudice. *Id.* at 857–59. In that case, the plaintiff's claims were time-barred by the applicable statute of limitations in the jurisdiction in which they were filed, but the district court granted her motion for voluntary dismissal without prejudice to allow her to refile in another jurisdiction where the claims were not time-barred. *Id.* at 857. The Eleventh Circuit found the defendant had not "suffered any plain legal prejudice other than the prospect of a second lawsuit

9

on the same set of facts," and, therefore, the district court did not abuse its discretion in allowing dismissal without prejudice. *Id.* at 859.

The Eleventh Circuit's approach in *McCants* appears to be an outlier among other circuits which have considered this issue. As noted in *Grover*, the Fifth Circuit in *Phillips v. Illinois Central Gulf Railroad*, 874 F.2d 984, held that loss of a valid statute of limitations defense constituted "the type of clear legal prejudice that precludes granting a motion to dismiss without prejudice." *Id.* at 987. The defendant in *Phillips* raised the statute of limitations defense in a motion for summary judgment after the case was transferred to a district where the plaintiff's claims were time-barred, and the plaintiff sought voluntary dismissal without prejudice to refile in a jurisdiction with a longer statute of limitations. *Id.* at 985. The district court denied the plaintiff's motion and dismissed the case with prejudice instead. *Id.* The Fifth Circuit affirmed, explaining:

> [T]he mere prospect of a second lawsuit on the same facts is not sufficiently prejudicial to the defendant to justify denial of a Rule 41(a)(2) motion to dismiss. In this case, however, the facts in the second lawsuit would differ in that the defendant would be stripped of an absolute defense to the suit—the difference between winning the case without a trial and abiding the unknown outcome of such a proceeding. If this does not constitute clear legal prejudice to the defendant, it is hard to envision what would.

*Id.* at 987 (citations omitted); *see also Elbaor v. Tripath Imaging, Inc.*, 279 F.3d 314, 318–19 (5th Cir. 2002) (reaffirming the holding from *Phillips* that the absolute loss of a statute of limitations defense constitutes plain legal prejudice).

Citing *Phillips*, the Ninth Circuit in *Tibbetts v. Syntex Corporation*, No. 91-16637, 1993 U.S. App. LEXIS 17052 (9th Cir. July 2, 1993) (unpublished), held a district court did not abuse its discretion in denying a motion for voluntary dismissal based on its conclusion that the defendant "would suffer clear legal prejudice by losing its statute of limitations defense." *Id.* at

10

\*5–6. The Ninth Circuit affirmed the district court's finding that the defendant "would be prejudiced by having to defend the suit in another state where the statute of limitations had not run." *Id.* at \*6.

Similarly, the Eighth Circuit in *Metropolitan Federal Bank, F.S.B. v. W.R. Grace and Company*, 999 F.2d 1257 (8th Cir. 1993), relied on *Phillips* in concluding "there is clear legal prejudice where a Rule 41(a)(2) dismissal is granted in the face of a valid statute of limitations defense." *Id.* at 1262. However, it affirmed the district court's grant of voluntary dismissal without prejudice where the defendant failed to demonstrate the plaintiff's claims were actually time-barred. *Id.* at 1263.

Citing *Phillips* and *Metropolitan Federal Bank*, the Seventh Circuit in *Wojtas v. Capital Guardian Trust Company*, 477 F.3d 924 (7th Cir. 2007), held a district court did not abuse its discretion in denying a motion for voluntary dismissal where the applicable state statute of limitations "conferred on [the defendant] a vested right . . . that would have been rendered useless if voluntary dismissal without prejudice was granted." *Id.* at 927–28. The Seventh Circuit explained:

> In Wisconsin the expiration of the statute of limitations does more than merely close the door of the courthouse. The expiration of the limitations period extinguishes the cause of action of the potential plaintiff and it also creates a right enjoyed by the would-be defendant to insist on that statutory bar. [The defendant], having acquired a right to assert the statute of limitations bar by operation of Wisconsin law, would suffer plain legal prejudice if the [plaintiffs'] motion for voluntary dismissal were granted.

*Id.* (internal quotation marks and citations omitted).

*Phillips* and the cases following it are persuasive and applicable here. It is undisputed that Mr. Roberts has a valid statute of limitations defense and Ms. Mitchell's claims are time-barred under Utah law. Further, as in *Wojtas*, this statute of limitations defense is a vested right

11

in Utah, which the Utah Supreme Court confirmed in its opinion on the certified question in this case. *See Mitchell*, 2020 UT 34, ¶ 5, 469 P.3d at 903. Thus, dismissal of this action without prejudice would deprive Mr. Roberts of his vested right to a valid statute of limitations defense barring Ms. Mitchell's claims. Under these circumstances, Mr. Roberts would suffer plain legal prejudice if voluntary dismissal were granted.

### E. Other Equitable Considerations

As Ms. Mitchell correctly notes, the equities facing both the plaintiff and the defendant must be considered. *See Baeke*, 413 F.3d at 1124. Ms. Mitchell argues dismissal without prejudice would result in a "highly unjust and perverse outcome" because, after advocating for the validity of the Revival Statute, she, alone, would be barred from pursuing her claims if the Utah constitution were amended to revive time-barred claims, while other victims would be permitted to proceed. (Pl.'s Reply 10, Doc. No. 51.) She also notes that if she had not dismissed her prior action in order to refile her claims after the enactment of the Revival Statute, she could have voluntarily dismissed this action without the court's leave. (*Id.* at 3–4.) Ms. Mitchell argues any legal prejudice to Mr. Roberts can be mitigated by imposing a condition upon dismissal prohibiting her from refiling her claims unless the Utah constitution is amended. (*Id.* at 12.)

Ms. Mitchell's argument misses the point. Imposing a dismissal condition limiting the refiling of her claims to a change in Utah law does nothing to prevent legal prejudice to Mr. Roberts. Instead, it illustrates the prejudice he would suffer. No doubt, this is a harsh and distressing result from Ms. Mitchell's perspective—a harshness compounded by the Utah Supreme Court's opinion in Mr. Roberts' favor. Nevertheless, the possibility Utah's constitution may be amended in the future does not outweigh the plain legal prejudice to Mr. Roberts if he

were deprived of a valid statute of limitations defense under Utah law. The Utah Supreme Court's opinion on the certified questions in this case clearly dictates a result for Mr. Roberts, and he is entitled to dismissal with prejudice as requested his motion to dismiss. Allowing Ms. Mitchell to potentially revive her claims in the future would deprive Mr. Roberts of this vested right under Utah law. *See Grover*, 33 F.3d at 719 ("At the point when the law clearly dictates a result for the defendant, it is unfair to subject him to continued exposure to potential liability by dismissing the case without prejudice."). Thus, the dismissal condition requested by Ms. Mitchell cannot mitigate the plain legal prejudice to Mr. Roberts if dismissal without prejudice were granted.

## CONCLUSION

Having considered the equities facing both parties, the court concludes dismissal without prejudice would result in plain legal prejudice to Mr. Roberts—prejudice which cannot be mitigated by imposing the limiting conditions requested by Ms. Mitchell. For these reasons, the court GRANTS Mr. Roberts' Motion to Reopen the Pending Motion to Dismiss the Complaint (Doc. No. 45); reopens and GRANTS Mr. Roberts' Motion to Dismiss (Doc. No. 9); DENIES Ms. Mitchell's Motion to Dismiss Without Prejudice (Doc. No. 46); and DISMISSES this action with prejudice.

DATED this 26th day of March, 2021.

BY THE COURT:

*Daphne A. Oberg*
Daphne A. Oberg
United States Magistrate Judge